**Craig E. SHAW**

v.

**Richard SCHWEIKER.**

**Civ. A. No. 81–4259.**

United States District Court,
E. D. Pennsylvania.

Feb. 4, 1982.

Claimant appealed from decision of the appeals council, which affirmed decision of administrative law judge that claimant's disability benefits had been properly terminated at end of April 1989. On claimant's and Secretary of Health and Human Services' motions for summary judgment, the District Court, VanArtsdalen, J., held that: (1) administrative law judge should have required Secretary to show current evidence of claimant's improvement or evidence that claimant's condition was not as serious as found to be on original claim for benefits, and application of wrong standard of law necessitated remand; (2) conclusion that, because of alleged inconsistencies in prior decision in which claimant was found to be credible, claimant was presently not to be believed was impermissible; (3) finding that claimant had not attempted to get psychiatric treatment was clearly erroneous; and (4) suggestion to vocational expert that claimant was merely "somewhat depressed" was improper characterization of psychiatric evidence.

80

Jonathan M. Stein, Community Legal Services, Philadelphia, Pa., for plaintiff.

Serena H. Dobson, Asst. U. S. Atty., Gary Turetsky, Dept. Health & Human Services, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

On December 28, 1980, Administrative Law Judge (ALJ) Jack H. Roseman awarded claimant Craig E. Shaw disability benefits under the Social Security Act. ALJ Roseman determined that Mr. Shaw had become disabled on September 12, 1977, when he was assaulted at his place of employment, sustaining facial and cervical injuries. In his decision awarding benefits, ALJ Roseman explained that, while he was convalescing from these initial injuries, Mr. Shaw fell on ice and injured his lower back. In May 1978, Mr. Shaw fell again, this time fracturing his foot. ALJ Roseman reviewed the claimant's medical history in his decision, including hospitalizations and physiotherapy. He also explained that Mr. Shaw had been undergoing psychiatric treatment, including psychotherapy and treatment with psychotropic medications by psychiatrist Armand J. Lupo, D.O., for "acute depression."

ALJ Roseman concluded that Mr. Shaw was disabled and explained in support of his conclusion:

The complaints of difficulty with walking, standing and lifting are substantiated by the medical record along with depression in this case. His appearance and mode of testimony at the hearing indicate to us that he is sincere in his expressions of pain, cervical (shoulders) and lower lumbar areas radiating now to the hips; his depressive testimony as to home activities or seclusiveness are credible. While

it is true that he is on long term disability pay status from R.C.A. Corporation, we do not believe claimant to be malingering.

Decision of ALJ Roseman of December 28, 1978, record at 135.

On April 18, 1980, Mr. Shaw was notified that his disability benefits were terminated, subsequent to a determination made in the normal course of review of his records. At Mr. Shaw's request, a hearing on the termination was held before ALJ John W. Ennis, Jr., on April 16, 1981.[1] Mr. Shaw was represented by counsel. In a decision dated May 16, 1981, ALJ Ennis concluded that benefits had been properly terminated at the end of April 1980. He made the following findings:

1. The claimant has low back and cervical strain and a normal reactive depression thereto.

2. The claimant's credibility as to his subjective complaints as to pain and any emotional problem(s) and it's affect, if any, on claimant's residual functional capacity, is found to be not credible.

3. The claimant has the residual functional capacity to perform work related functions except for work involving heavy lifting.

4. The claimant's past relevant work as a supervisor of a security unit, as a counselor and as a long term substitute teacher in mathematics and biology on the secondary school level did not require heavy lifting.

5. The claimant's impairments do not prevent the performance of this past relevant work.

6. The claimant was not under a disability as defined in the Social Security Act at any time commencing at least far back as February 1980 and through the date of this decision.

Decision of ALJ Ennis of May 6, 1981, record at 11.

Mr. Shaw now appeals from the decision of the Appeals Council which affirmed the decision of ALJ Ennis in a letter to Mr. Shaw dated August 21, 1981. Both claimant Shaw and the Secretary of Health and Human Services (Secretary) have filed motions for summary judgment supported by memoranda of law and a hearing on the motions was held on January 29, 1982, at which time counsel for both sides presented oral argument.

In his motion for summary judgment, Mr. Shaw seeks reversal of the decision of the Secretary or, in the alternative, remand for further consideration on the issue of termination of benefits. He asserts the following grounds in support of his motion:

a) By finding the symptoms of Mr. Shaw's mental illness and subjective pain not credible, and denying benefits solely on this ground, the hearing judge failed to afford administrative *res judicata to* a finding of credible pain duly adjudicated in a prior proceeding;

b) By re-adjudicating the issue of the credibility of pain, and solely dwelling upon it the judge failed to apply the proper legal standard in a cessation case, whether there was substantial evidence showing a medical improvement in the disabling condition since the disabling condition had already been determined;

c) By showing clear bias and lack of objectivity in his various findings, the hearing judge denied Mr. Shaw the fair hearing due him under the Social Security Act;

d) The hearing judge failed to recognize the disabling effects of pain as sufficient to meet the disability test;

e) The hearing judge acted beyond the scope of his authority and expertise by rendering medical judgments on his own in his decision unsupported by any medical evidence;

f) The hearing judge failed to give the proper weight to the medical evidence of treating physicians, as contrasted with one consultative examining physician;

---

1. The record indicates that the date of the hearing before Judge Ennis was April 16, 1980. Since the claimant was notified of termination on April 18, 1980, I assume that the hearing date on the record should read "April 16, 1981."

g) The hearing judge failed to state or otherwise justify in his decision why he was ignoring or otherwise rejecting clearly supportive and probative evidence of the continuation of the disability condition.

Plaintiff's Motion for Summary Judgment at 2–3.

The Secretary argues that the decision of ALJ Ennis to terminate benefits is supported by substantial evidence.

Because I find that ALJ Ennis utilized the wrong standard of law in evaluating evidence for determining whether termination of benefits is appropriate, because he also improperly questioned the findings of credibility of ALJ Roseman, misconstrued and mischaracterized certain facts and made serious mistakes as to interpretation of medical evidence and framing of hypothetical questions to the vocational expert present at the hearing, I will grant the motion of claimant Shaw and remand this case to the Secretary for further consideration.

In reaching his final determination, ALJ Ennis received into evidence at the termination hearing extensive medical reports, including reports from psychiatrists, orthopedic surgeons and Mr. Shaw's long-term treating physician. Neither these reports nor testimony heard at the hearing provide any evidence whatever of a change for the better in Mr. Shaw's psychiatric or physical condition following the award of disability benefits in December 1980. In fact, a fair reading of these reports indicates that Mr. Shaw's condition, especially his psychiatric condition, worsened during the period between December 1980 and the time of the hearing before ALJ Ennis. There was, further, no evidence on the record before ALJ Ennis that Mr. Shaw's condition was not as serious as was initially determined by ALJ Roseman.

Although the issue of the appropriate standard of law in cessation or termination of benefits cases has not been resolved by the court of appeals for this circuit, I am guided by the decision of the Court of Appeals for the First Circuit in *Miranda v.*

*Secretary of Health, Education and Welfare*, 514 F.2d 966 (1st Cir. 1975). The *Miranda* court held that

once having found a disability, the Secretary may not terminate the benefits without *substantial evidence* to justify so doing. This will normally consist of *current evidence showing that a claimant has improved* to the point of being able to engage in substantial gainful activity; but it might also consist of *evidence that claimant's condition is not as serious as was at first supposed.*

*Id.* at 998 (emphasis added). I interpret *Miranda*, in its holding that that disability benefits may be terminated by evidence that the condition is less serious than first supposed, to pertain only to situations involving newly discovered evidence or a clearly erroneous interpretation of evidence in the initial granting of benefits. I do not read *Miranda* as sanctioning a challenge of the original findings by a redetermination of issues already resolved.

In this circuit, Judge Ziegler of the Western District of Pennsylvania held in accord with the First Circuit when he determined that, before benefits may be terminated, there must be substantial evidence amounting to a showing of improvement. *See Timblin v. Harris*, 498 F.Supp. 1107, 1108 (W.D.Pa.1980).

In its motion for summary judgment and accompanying memorandum of law, the government does not address this issue, but rather argues against benefits for Mr. Shaw as though benefits had never been granted. At oral argument, counsel for the Secretary asserted the government's position that the standard of law for cessation cases set forth in *Miranda* is incorrect and that, in terminating benefits, the Secretary need only show that disability has ceased, not that substantial improvement has been made by the claimant. I find the government's position to be logically and legally unsound. Once a final determination of disability has been rendered, it is logically impossible for a claimant to become non-disabled without a change amounting to improvement (unless, of course, as recognized in *Miranda*,

new evidence shows the original decision to be in error). After a final determination of disability, if a termination of benefits were effected without a showing either of improvement or newly-discovered evidence, such a termination would of necessity be based on whim or caprice or would constitute an impermissible relitigation of facts and determinations already finally decided.

Because ALJ Ennis did not require the Secretary to show current evidence of improvement or evidence that Mr. Shaw's condition was not as serious as ALJ Roseman found it to be, he applied the wrong standard of law and this case must therefore be remanded. The Secretary on remand shall determine if the government has shown substantial change or improvement in Mr. Shaw's condition to warrant termination of benefits, based on the medical evidence of record and testimony at the hearing. The Secretary may hold further hearings, if they are deemed to be necessary for a proper determination.

I would also point out, as was noted in the opinion of the Appeals Council from which Mr. Shaw directly appeals, ALJ Ennis appears to have seriously questioned the original determination of Mr. Shaw's credibility by ALJ Roseman. More importantly, during the hearing before him, ALJ Ennis questioned Mr. Shaw's credibility because of certain so-called inconsistencies appearing in the record *before ALJ Roseman.* These "inconsistencies" concerned, *e.g.,* the place where the original injury occurred, the cause of the original injury, and the identity of Mr. Shaw's employer at the time. Counsel has plainly indicated that there were no real inconsistencies concerning these matters. Apparently ALJ Ennis misconstrued statements made by the claimant on the record before ALJ Roseman or, at least, made no real effort during the course of the most recent hearing to ascertain the true facts. Although ALJ Ennis did not expressly ground his skepticism as to Mr. Shaw's physical and psychiatric complaints in these inconsistencies, a fair reading of his opinion reveals that one significant reason for refusing to accept as true any of the claimant's assertions as to disability was ALJ Ennis' view that Mr. Shaw had probably not been reliable in his statements on the record before ALJ Roseman. Thus, ALJ Ennis concluded that, because of alleged inconsistencies in a prior decision in which the claimant was found to be credible, Mr. Shaw was presently not to be believed. Such a conclusion is clearly impermissible.

I do not suggest that ALJ Ennis was necessarily wrong in his conclusion as to Mr. Shaw's credibility or lack of current disability but that, in reaching his determination, ALJ Ennis considered facts in an improper manner and lacked a proper basis for his conclusions.

In addition, the report of ALJ Ennis contains serious mistakes as to interpretation of medical evidence presented. The statement by him that Mr. Shaw had not attempted to get psychiatric treatment is a gross misstatement. As a finding of fact, it must be rejected as clearly erroneous, since there is no evidence to support it and all the evidence is to the contrary.

In submitting hypothetical questions to a vocational expert at a hearing, an ALJ must make findings of fact and can frame hypothetical questions in a manner supportable by those facts. But suggesting to the vocational expert, as did ALJ Ennis, that Mr. Shaw was merely "somewhat depressed" is not a fair characterization of the psychiatric evidence presented on the record and, based on the clear language in one psychiatrist's report, was not only an unfair but an improper characterization. This psychiatrist, Anthony S. Tornay, M.D., in his report of June 16, 1980, stated, "I feel he [Mr. Shaw] was definitely paranoid and somewhat depressed." Record at 197. Nothing in that report indicated that Mr. Shaw's paranoid ideation was under control, although Dr. Tornay postulated that it could well be brought under control if Mr. Shaw's legal action against the person who attacked him were to be resolved.

In sum, for the reasons stated above, the decision of ALJ Ennis cannot stand. This action will be remanded.