Grace M. LESLIE

v.

Richard S. SCHWEIKER,* Secretary of Health and Human Services.

Civ. A. No. 82–3336.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1983.

Report—Recommendation June 14, 1983.

* Richard S. Schweiker has been replaced as Secretary by Margaret M. Heckler, but the caption remains unchanged because neither party has moved to substitute this party pursuant to F.R. C.P. 25(d).

David W. Wood, Jr., West Chester, Pa., for plaintiff.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

This case is before me on cross motions for summary judgment filed pursuant to 42 U.S.C. § 405(g).

On July 26, 1976, claimant filed her first application for Social Security disability benefits which was denied. Her case was ultimately considered *de novo* by an Administrative Law Judge (ALJ) at a hearing on September 4, 1981. In a decision dated January 4, 1982, the ALJ denied claimant's application. Motions for summary judgment were filed which I referred to Magistrate Powers. His Report and Recommendation is attached. Because I disagreed with several of the magistrate's conclusions, I heard oral argument to clarify several issues. I continue to disagree with portions of the Report and my major disagreements are discussed below. The Report and Recommendation, therefore, is approved and adopted, but with the modifications set forth in this memorandum.

The only issue before me on appeal from a Social Security disability determination, pursuant to § 405(g), is whether the ALJ's decision is supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Magistrate Powers concluded that the ALJ's findings were not supported by substantial evidence for two basic reasons.

First, the magistrate noted the ALJ's failure to consider or to cite his reasons for rejecting evidence favorable to the claimant. I agree with the magistrate in this regard and, based on the authority of *Kent v. Schweiker,* 710 F.2d 110 (3d Cir. 1983) and *Cotter v. Harris,* 642 F.2d 700 (3d Cir.1981), it is necessary to remand the case for that reason alone.

The magistrate also found that ALJ Ennis was biased against the claimant in his evaluation of the evidence and, therefore, recommended that I remand the case to the Secretary with explicit instructions to assign it to another ALJ. After an extraordinarily careful examination of the record, I cannot agree with the magistrate's characterization of ALJ Ennis' conduct as biased. At oral argument, I particularly explored the issue of the ALJ's alleged bias with claimant's counsel, the only person, other than claimant herself, who attended the hearing conducted by ALJ Ennis. Counsel

pointed out that this charge had not originated with him or with claimant and, because he did not believe the ALJ's conduct rose to the level criticized by the magistrate, he did not feel comfortable in making such a charge. While Magistrate Powers noted that ALJ Ennis' actions have been criticized in other cases, and he may have been influenced thereby, I find the charge of bias insupportable in this case. I will, therefore, remand this case to the Secretary for assignment at the Secretary's discretion. If, as an administrative matter, the Secretary decides to assign the case to a different ALJ, I would have no objection, but I will not order such reassignment because the record does not reflect, and the claimant has not charged, bias or prejudice.

Although I have several other areas of disagreement with the Report and Recommendation, only two require clarification. The magistrate appears to have misread the ALJ's finding that claimant was capable of returning to her previous work. Therefore, the section of the Report and Recommendation which criticizes the ALJ's failure to specify jobs, other than her previous work, that the claimant was capable of performing, is irrelevant and should be disregarded.

■ I also disagree with footnote 3 of the Report to the extent that the magistrate defines Dr. Greenwood's July 1982 report as irrelevant. This report was based on an examination of the claimant performed after her period of eligibility for Social Security disability benefits had expired. It is not, therefore, proof of claimant's disability during the eligibility period. The report may, however, have other relevance which it is the prerogative of the Secretary to determine initially. *Cagle v. Califano,* 638 F.2d 219 (10th Cir.1981); *Parks v. Harris,* 614 F.2d 83 (5th Cir.1980). For example, the report may be helpful to the ALJ in determining whether objective causes for claimant's complaints of pain existed, or in reconciling the differences between Dr. Greenwood's and Dr. Gilani's previous opin-

ions, and as the Secretary's counsel conceded, it may be helpful in properly evaluating Dr. Greenwood's earlier report. *See, Stewart v. Secretary of Health, Education and Welfare of the United States,* 714 F.2d 287 (3d Cir. 1983).

■ With the modifications discussed above, the magistrate's Report and Recommendation will be adopted and this case remanded to the Secretary for reconsideration.

## REPORT—RECOMMENDATION

RICHARD A. POWERS, III, United States Magistrate.

Plaintiff, Grace M. Leslie, brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended, seeking review of the decision of the Secretary of Health and Human Services (Secretary), which denied her application for a period of disability and disability insurance benefits.

On January 31, 1980, the plaintiff filed her application for benefits, which was denied both initially and upon reconsideration. On September 4, 1981, a hearing was held before Administrative Law Judge (ALJ) Ennis, at which time the plaintiff was represented by counsel. In a decision dated January 4, 1982, the ALJ found that the plaintiff could return to her past relevant work as a supervisor of a vending machine concession and, therefore, was not entitled to disability benefits. On June 3, 1982, the Appeals Council denied the plaintiff's request for a review of the ALJ's decision and thereby made it the final decision of the Secretary. The plaintiff then instituted the instant action in this Court, and both parties have moved for summary judgment. For the reasons discussed below, I shall recommend that the cross-motions be denied and that this matter be remanded to the Secretary for further consideration.[1]

---

1. The plaintiff has requested that oral argument be heard on her Counter-Motion for Summary Judgment; the recommended disposition

of this matter, however, makes oral argument unnecessary.

On review of the Secretary's decision by this Court, any findings of fact[2] made by the Secretary must be accepted as conclusive if they are supported by substantial evidence, that is, by "such relevant evidence as a reasoning mind might accept as adequate to support a conclusion." *Cotter v. Harris,* 642 F.2d 700, 704 (3 Cir.1981), citing *Lewis v. Califano,* 616 F.2d 73, 76 (3 Cir. 1980); 42 U.S.C. § 405(g). Therefore, the sole issue before this Court is whether the Secretary's decision is supported by substantial evidence and should be sustained.

The claimant, who has worked in food service jobs since the age of ten, is now fifty-eight years old. She worked most recently for ten years as the manager of a vending machine concession; before that she served for ten years as a cook and aide in the Coatesville Area School District and for five years as a waitress. She completed only the eighth or ninth grade and has no special vocational training. During the period from November, 1975, through March, 1981—the period during which the claimant was eligible for disability insurance benefits (tr. 16, para. 1)[3]—the Secretary found that the plaintiff suffered from diabetes mellitus, osteoarthritis, carpal tunnel syndrome of the right wrist, hypertension, and a depressive reaction. (tr. 17, para. 2). The medical evidence reveals that she had ar-

thritis in her spine, legs, knees, hands, and neck and that her diabetes was with renal, retinal, and cardiovascular involvement. Moreover, the medical evidence reveals that plaintiff suffered from ischemic heart disease and angina pectoris; a hiatal hernia; bronchial asthma; hemorrhoids; an eye infection; a hearing impairment; hypertension; obesity; depression, and possible hyperthyroidism. Her symptoms included chest pains, shortness of breath after climbing as little as two steps, numbness of the lower extremities, dizziness, and pain; as a result, she was able to stand as little as one hour. She was hospitalized from November 13 to 22, 1975, for extreme shortness of breath; from January 17 to February 9, 1977, for abdominal pain and diabetes; from November 21 to December 14, 1979, for lethargy, shortness of breath, and hyperglycemia, and in 1980 for a hemorrhoid operation; there have been various hospitalizations for angina pectoris. (tr. 10–13).

In the decision adopted by the Secretary, the ALJ wrote:

> One of the claimant's treating physicians, Javed Gilani, M.D., has submitted Physical Capacities Evaluations which effectively show that the claimant is unable to perform any type of work activity. This evaluation of the claimant's physical capacity is totally contrary to the other

**2.** The Secretary made the following findings of fact:

> 1. The claimant met the eligibility requirements under the Act as of November 13, 1975, the date the claimant stated she became unable to work, and continued to meet the eligibility requirements up to March 31, 1981, but not thereafter.
> 2. The claimant suffers from diabetes mellitus, controlled with diet and Insulin; mild to moderate osteoarthritis; carpal tunnel syndrome of the right wrist; hypertension, well controlled with medication, and a mild depressive reaction.
> 3. The claimant's testimony concerning severe, constant, and disabling pain is not credible nor is it supported by the medical evidence of record, although it is recognized that the claimant may have some pain of a non-disabling nature.
> 4. The claimant has the residual functional capacity to perform work-related functions except for work involving prolonged standing, pushing, pulling, crawling and climbing.

> 5. The claimant's past relevant work as a supervisor for a vending machine concession did not require prolonged standing, pushing, pulling, bending, crawling, or climbing.
> 6. The claimant's impairments do not prevent the performance of this past relevant work.
> 7. The claimant was not under a disability as defined in the Social Security Act, as amended, at any time through the date of this decision.

(tr. 16–17).

**3.** The plaintiff does not challenge the finding establishing the period of eligibility. The medical report that was attached to plaintiff's Counter-Motion for Summary Judgment and that concerns the July 21, 1982, examination by Dr. Greenwood is irrelevant because it relates to a time subsequent to the period of eligibility. Moreover, since the 1982 medical report was never considered by the Secretary, it is beyond the scope of this Court's review of this matter.

medical evidence of record and is unsupported by any objective clinical evidence. It is also completely opposite to the Physical Capacity Evaluation of Dr. Richard J. Greenwood, which is consistent with the claimant's complaints and the objective and clinical findings.

(tr. 16). In concluding that he was forced to choose between "diametrically opposed opinions" of two treating physicians, ALJ Ennis exaggerated the differences between them and distorted the role of Dr. Greenwood. Although Dr. Greenwood was once the patient's regular physician, he stated in his April 2, 1980, report that it had been three years since he had seen his former patient. (tr. 244). In contrast, the patient testified that she saw Dr. Gilani every four weeks and no other doctors regularly. (tr. 56, 57). Also, ALJ Ennis observed that her insulin and all other medication were being prescribed by one doctor, Dr. Gilani, at the time of the hearing. (tr. 52). Furthermore, Dr. Greenwood in his April 2, 1980, report noted a suspicion of "early rheumatoid arthritis" in the claimant's right hand and mentioned that a November 1979 test ordered by another physician revealed "a high possibility of [its] being diagnostic of exercise-induced ischemia." Dr. Greenwood concluded:

> While the current examination does not reveal any unequivocal objective findings supportive of a diagnosis of disabling bodily impairment, it seems probable that on a psychiatric basis in combination with her current illnesses she will never prove to be productively effective. The prognosis is guarded.

(tr. 246).

Dr. Greenwood's 1980 report on which ALJ Ennis bases his decision was clearly not supported by more objective medical evidence than Dr. Gilani's reports, as ALJ Ennis claimed. Dr. Greenwood summarized the patient's version of her medical history for the last three years, conducted an office examination, and ordered only two tests: a new x-ray of the right hand, which showed swelling, and a new EKG, which was normal. His "objective evidence," in fact, was mostly that available because of tests ordered by Dr. Gilani. However, ALJ Ennis claimed Dr. Gilani's conclusions were "unsupported by any objective evidence." (tr. 16). When ALJ Ennis failed to mention, let alone explain, the reasons why he rejected evidence favorable to the claimant, he was in clear violation of the Third Circuit's admonition in Cotter v. Harris, supra, that the reviewing court needs "from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." 642 F.2d at 705. Where the ALJ has failed both to analyze all of the evidence and to explain sufficiently the weight, or lack thereof, which he has given to obviously probative testimony, as is the case here, this Court has the " 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.' " Dobrowolsky v. Califano, 606 F.2d 403, 407 (3 Cir.1979), quoting Gober v. Matthews, 574 F.2d 772, 776 (3 Cir.1978). Having done so, I am compelled to find that the Secretary's conclusions are not proper and, therefore, are not supported by substantial evidence.

Further distortion by ALJ Ennis is equally blatant. Joseph L. Abbott, M.D., plaintiff's gynecologist, stated on May 11, 1977, that the plaintiff's gynecological problems alone would not prevent her returning to work, but he concluded:

> However, from my knowledge of her other medical problems, I am sure that Dr. Greenwood would confirm that she is unable to perform gainful employment.

(tr. 204). The ALJ's summary, however, suggested that her longtime gynecologist did not consider the claimant disabled: "He was unable to give any reason, from his viewpoint, for the claimant's inability to work." (tr. 13). Equally unfair was the ALJ's impromptu test of the complainant's inability to focus her eyes for periods longer than five to thirty minutes when he shoved a typed medical report in front of her and ordered her to read just the title. When she complied, he concluded that she had no reading problems. (tr. 15, 58, 723, 161, 163).

In addition, the ALJ simply ignored some crucial evidence. He failed to consider that the claimant's dizziness and faulty vision make driving or taking public transportation to work impossible. See *Lopez Diaz v. Secretary of Health, Education and Welfare,* 585 F.2d 1137 (1 Cir.1978); *Fields v. Harris,* 498 F.Supp. 478 (N.D.Ga.1980). Also, although the complainant logically explained that she had not brought a cane to the hearing because her attorney was present to provide physical support if suddenly needed, ALJ Ennis concluded afterwards that she "evidently was not in fear [of falling] at the time of the hearing since she did not bother to bring the cane with her." (tr. 16).

Therefore, the first reason to remand this matter to the Secretary is ALJ Ennis' selective ignorance and misstatement of evidence, which have been criticized by this Court on several occasions. See, *e.g., Smith v. Schweiker,* C.A. No. 81–3705 (E.D.Pa. May 19, 1982) (Lord, Ch. J.) (Report and Recommendation, Powers, U.S. Magistrate) ("blatantly and prejudicially" ignores the evidence); *Brittingham v. Weinberger,* 408 F.Supp. 606, 611 (E.D.Pa.1976) (Bechtle, J.) (failed to maintain his objectivity); *Shaw v. Schweiker,* 536 F.Supp. 79, 81 (E.D.Pa.1982) (Van Artsdalen, J.) (showed "clear bias and lack of objectivity"). An ALJ is expected to be unbiased and is required to base his decision on the record as a whole. *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4 Cir.1964).

A second reason for a remand is the ALJ's failure to specify what jobs other than her past relevant work the claimant was able to perform. The claimant sustained her burden of proving that she was unable to do her former work. Thereafter, the ALJ was required to state what jobs she could perform. *Olsen v. Schweiker,* 703 F.2d 751 at 753 (3 Cir.1982), citing *Rossi v. Califano,* 602 F.2d 55, 57 (3 Cir.1979). According to Dr. Greenwood, the claimant had both physical and psychological impairments. When there are both exertional and nonexertional impairments the ALJ must consider whether work exists for an individual with the exact combination of impairments suffered by the complainant. *Bur-*

*nam v. Schweiker,* 682 F.2d 456, 458 (3 Cir.1982). Testimony of a vocational expert is required where both exertional and non-exertional impairments exist. *Bryant v. Schweiker,* 537 F.Supp. 1, 2 (E.D.Pa.1982) (Lord, Ch. J.) (Report and Recommendation, Powers, U.S. Magistrate). See *Santise v. Schweiker,* 676 F.2d 925, 935 (3 Cir.1982), citing *Walker v. Harris,* 504 F.Supp. 806, 811 (D.Kan.1980) (vocational grid may be insufficient).

A third reason for remanding this matter is the Secretary's erroneous finding on the plaintiff's pain. The Secretary found that plaintiff's "testimony concerning severe, constant, and disabling pain" to be neither credible nor "supported by the medical evidence of record, although it is recognized that the claimant may have some pain of a non-disabling nature." (tr. 17, para. 3). However, it is well-established in this circuit that pain in and of itself may be disabling and that a claimant's assertions of pain must be given serious consideration by the Secretary even where those assertions are not fully confirmed by the objective evidence of record. *Smith v. Califano,* 637 F.2d 968, 972 (3 Cir.1981).

Accordingly, I make the following

## RECOMMENDATION

Now, this 13th day of June, 1983, IT IS RESPECTFULLY RECOMMENDED that the plaintiff's request for oral argument be DENIED, that the cross-motions for summary judgment be DENIED, and that the matter be REMANDED to the Secretary with directions that it be reconsidered by an Administrative Law Judge, other than John W. Ennis, Jr., in a manner not inconsistent with this Report.