**Nancy CHARLES, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 82–229.**

United States District Court, E.D. Kentucky.

May 14, 1984.

William B. Mains, Morehead, Ky., for plaintiff.

Miles Franklin, Asst. U.S. Atty., Lexington, Ky., for defendant.

## MEMORANDUM OPINION AND ORDER

SCOTT REED, District Judge.

This action seeks judicial review of a final decision of the Secretary of Health and Human Services to terminate plaintiff's Supplemental Security Income benefits on the grounds that plaintiff ceased to be disabled effective November 5, 1984. The case is now before the Court for consideration of the report of the Magistrate, which recommends that the decision of the Secretary be affirmed, and the objections of plaintiff thereto.

Plaintiff first applied for Supplemental Security Income (SSI) benefits on April 26, 1978. The Secretary subsequently determined that she was disabled due to systemic lupus erythematosis (SLE), depressive neurosis with anxiety of neurotic propor-

tions, and herpes zoster, and granted her benefits as of the filing date. (T.78). The Secretary's first attempt to terminate plaintiff's benefits came on February 6, 1980, when the Social Security Administration notified her that her medical condition was no longer considered disabling. Plaintiff appealed that decision. After a hearing, Administrative Law Judge Ludd R. Farr, Jr. reversed this determination and, in a May 16, 1980, written opinion, stated that his conclusion was "wholly favorable to the claimant regarding the issue of disability." (T.173).

Some eighteen months later, on November 5, 1981, the Social Security Administration notified plaintiff once again that her disability had ceased, this time effective April 1981. Plaintiff appealed, and another hearing was held before a different Administrative Law Judge, who upheld the decision of the Social Security Administration to terminate benefits. (T. 30). This became the final decision of the Secretary on September 7, 1982, when the Appeals Council of the Social Security Administration denied plaintiff's request for review of the hearing decision. Plaintiff then filed this civil action seeking review of the Secretary's decision, as provided by 42 U.S.C. § 405(g).

■ In his Report and Recommendation, the Magistrate applied the tests set forth in *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980), for evaluating disability benefits cases, and concluded that there was substantial evidence to support the conclusion that plaintiff had failed to meet her burden of demonstrating disability. Although the tests laid down in *Allen v. Califano, supra*, are properly applied in *initial* applications for benefits, they are, as plaintiff points out, inappropriate for use in benefit termination or continuation cases. For this reason, plaintiff's objections to the recommendations of the Magistrate must be sustained.

■ It is clear that the Secretary may terminate disability benefits whenever she obtains evidence that a claimant's disability has ceased. 42 U.S.C. § 425; 20 C.F.R.

§§ 404.1590(a) and 404.1594(a). It is also well-established that the ultimate burden of proving disability rests on the claimant in both initial application and termination cases. *Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir.1982); *Torres v. Schweiker*, 682 F.2d 109, 112 (3rd Cir.1982). However, once the Secretary has made an initial determination of disability, the claimant is entitled to a presumption that his disability continues to exist until evidence is adduced to the contrary. *Patti v. Schweiker*, 669 F.2d 582, 586–87 (9th Cir. 1982); *Simpson v. Schweiker, supra; Kuzmin v. Schweiker*, 714 F.2d 1233, 2137 (3rd Cir.1983); *Dotson v. Schweiker*, 719 F.2d 80, 82 (4th Cir.1983). This presumption does not shift the burden of proof, which remains on the claimant at all times. *Simpson v. Schweiker, supra*, at 969. Instead, this presumption shifts the burden of going forward to the Secretary. The Secretary must then present evidence either that the claimant's condition has improved since the last determination of disability or that the previous determination was in error. *Kuzmin v. Schweiker, supra*, at 1237–38. If the Secretary fails to meet her burden of coming forward with such relevant evidence, her decision to terminate benefits must be reversed.

■ This presumption derives from concepts of administrative *res judicata* and from the principle that

> once evidence has been presented which supports a finding that a given condition exists it is presumed in absence of proof to the contrary that the condition has remained unchanged.

*Rivas v. Weinberger*, 475 F.2d 255, 258 (5th Cir.1973). As a result of this presumption, in a benefits continuation or termination case the relevant question is not, as the Magistrate assumed, whether the Secretary's finding of no disability is supported by substantial evidence. Instead, it is whether the Secretary's finding of *improvement* to the point of no disability is supported by substantial evidence. *Simpson v. Schweiker, supra; accord, Hayes v. Secretary, H.E.W.*, 656 F.2d 204, 206 (6th Cir.1981). If the evidence in the termination hearing is substantially the same as

that presented in the initial hearing, benefits must be continued. To conclude otherwise would permit the Secretary to present the same medical evidence to different Administrative Law Judges until a favorable result was obtained. As one court phrased this principle:

> After a final determination of disability if a termination of benefits were effected without a showing either of improvement or newly-discovered evidence, such a termination would of necessity be based on whim or caprice or would constitute an impermissible relitigation of facts and determinations already finally decided.

*Shaw v. Schweiker*, 536 F.Supp. 79, 83 (E.D.Pa.1982).

With these principles in mind, we now turn to the facts of the case *sub judice.* The Social Security Administration first determined on July 24, 1978, that plaintiff was disabled due to SLE, depressive neurosis with anxiety of neurotic proportions, and herpes zoster. On February 6, 1980, the agency notified plaintiff that although she was "initially found disabled because of lupus erythematosus and anxiety," she was now considered able to work. This finding was reversed by Administrative Law Judge Ludd R. Farr, Jr., who made no detailed findings of fact. Following the second termination hearing, on March 30, 1982, Administrative Law Judge Robert B. Johnson filed a written decision denying plaintiff's claim for continued benefits. The decision stated in part as follows:

> Cessation of the claimant's entitlement was on the basis of a report by a treating physician dated May 7, 1981, (Exs. B–9, B–10, & B–13). These reports indicate that claimant's condition had improved and is less than severe as of April, 1981.

(T. 31).

Thus, the Secretary appears to contend not that the most recent finding of disability was incorrect, but that plaintiff's condition has significantly improved since that decision was reached. Exhibits B–9, B–10, and B–13 do not support this conclusion. Exhibit B–9 (T. 222–226) consists of various reports relating to plaintiff's stay at St. Joseph Hospital from February 19–21, 1981, due to a flare-up of her lupus condition. Nowhere do these reports state that plaintiff's SLE condition had improved. To the contrary, the reports, including one by her treating physician, Wilk O. West, M.D., state that she still had recurring problems with SLE, including "pain, stiffness, redness and swelling of her hands, wrists, knees, ankles, associated with low grade fever, weakness, easy fatigue and some significant anxiety and depression." Dr. West's report goes on to state that plaintiff was obviously in pain when admitted to the hospital on February 19, 1981. Exhibit B–10 (T. 227), a letter from Dr. West, states: "Because of the necessity of a place to live, Mrs. Charles is disabled, is unable to work because of a long history of systemic lupus erythematosis." Exhibit B–13 (T. 230), a report from Dr. West describing plaintiff's problems with a urinary tract infection, does not mention her lupus disorder.

The record also contains many medical reports regarding plaintiff's problems with condylomata of the periurethral area and of the labia minora and her abnormal pap smears. The doctor treating these problems, W. David Hager, M.D., states:

> Mrs. Charles is a poor candidate for hysterectomy due to her severe lupus erythematosus. At the present time, we are considering the possibility of hysterectomy if her medical condition improves at all.

(T. 237).

In summary, although the Secretary contends that plaintiff's SLE condition has improved to the point that she is once more able to work in the national economy, there is no evidence in the record to support this conclusion. To the contrary, the latest medical reports considered by the Administrative Law Judge indicate that plaintiff continues to be disabled by chronic flare-ups in her lupus condition.

In addition, the Social Security Administration originally found depressive anxiety to contribute to plaintiff's disability. Plaintiff's own testimony (T. 60–62) and the reports of her physicians (T. 223, 234, and 239) indicate that this condition continues.

The Administrative Law Judge dismissed plaintiff's depressive problems without making any specific findings. There is no evidence of record that the nervous condition had improved except for one ambiguous notation that the plaintiff was "feeling generally well" at one examination. (T. 230).

It is clear from the foregoing that there is insufficient evidence in the record to support the conclusion of the Secretary that plaintiff's ailments have significantly improved since the last determination of disability. Since the decision of the Secretary is not supported by substantial evidence, it must be reversed.

IT IS NOW THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

(1) That the objections of plaintiff to the report and recommendation of the Magistrate be SUSTAINED;

(2) That the motion of plaintiff for summary judgment be GRANTED and that of the defendant DENIED;

(3) That the decision of defendant to deny the application of plaintiff for Supplemental Security Income (SSI) benefits be REVERSED;

(4) That this action be REMANDED to defendant for entry of an award of benefits.