**Claude W. ROBINSON, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–3548.**

United States District Court, District of Columbia.

Aug. 14, 1984.

Graeme W. Bush, Jeffrey S. Lehman, Caplin & Drysdale, Chartered, Washington, D.C., for plaintiff.

Edwin W. Tyler, Sp. Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Claude Robinson brings this action under section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Secretary of Health and Human Services terminating his disability benefits. Although Robinson's initial application for benefits was denied, Administrative Law Judge Nathan A. Bork determined, on June 10, 1980, that the claimant had been disabled ever since his back was injured in a 1975 work-related traffic accident. Specifically, after considering the medical record and the testimony of a vocational expert, Judge Bork concluded: "[i]t might be stretching a point to find that [Robinson] is able to perform sedentary work." R. at 198.

In December of 1982, the Social Security Administration (SSA) notified Robinson that it no longer considered him disabled. The SSA's notice declared that the claimant was able to perform "medium work." R.

at 200. On January 7, 1983, an examiner in the South Carolina Disability Determination Division filed a report determining that plaintiff's disability had ceased in December of 1982 and that benefits would cease in February of 1983. R. at 232–33. A termination notice was mailed to Robinson on January 17 (R. at 202–04), and the claimant requested reconsideration on February 2. R. at 205. On March 22, a different disability examiner issued a new report, which revised the January 7 determination but did not alter the decision to terminate benefits. R. at 229–31. An official notice of reconsideration upholding the termination was mailed on March 22. R. at 206. Robinson then requested an administrative hearing (R. at 208–09), which was held before Administrative Law Judge Thomasine G. Mason on June 6, 1983. In an opinion issued on July 11, Judge Mason concluded that Robinson "has the residual functional capacity to perform medium to light truck driving and other medium and light work activities." R. at 14. Specifically, she found that Robinson has "the residual functional capacity to perform the full range of medium work" and that "his capacity for the full range of· medium work had not been compromised by his additional nonexertional limitations." R. at 15, 16. Judge Mason therefore held that Robinson's disability had terminated in December of 1982 and that his entitlement to benefits ended in February of 1983. R. at 16. The Appeals Council denied review. R. at 3–4. Having exhausted his administrative remedies, the claimant sought review of the Secretary's final decision in this Court.

■ Robinson has moved for summary judgment, and the Secretary has moved for a judgment of affirmance. In accordance with *Igonia v. Califano,* 568 F.2d 1383, 1389 (D.C.Cir.1977), claimant's motion for summary judgment will be treated as a motion for judgment of reversal made pursuant to Fed.R.Civ.P. 7(b)(1).

■ A claimant under the Social Security Act bears the burden of proving that he is disabled. *See* 42 U.S.C. § 423(d)(5). It is not disputed, however, that Robinson has not engaged in substantial gainful activity since he was injured in 1975 or that he suffers from a severe impairment that prevents him from resuming his past relevant work. R. at 15. Since Robinson is unable to return to his former occupation as a construction driver, the Secretary bears the burden of establishing that Robinson can perform other substantial gainful employment existing in the national economy. *E.g., Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir.1983); *Torres v. Secretary of Health and Human Services,* 677 F.2d 167, 168 (1st Cir.1982); *Belton v. Schweiker,* 535 F.Supp. 1319, 1322 (D.D.C.1982).

■ To determine whether a claimant is able to perform these other jobs, the Secretary refers to the "grid," a set of tables which take administrative notice of the types and number of jobs that exist in the national economy. *See* 20 C.F.R. Subpart P, Appendix 2—Medical-Vocational Guidelines (1983); *Heckler v. Campbell,* 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983). The grid classifies claimants as' "disabled" or "not disabled" on the basis of age, education, work experience, and residual functional capacity. If there is substantial evidence in the record to support the Secretary's conclusion that the grid applies to a claimant, and if the grid dictates a finding that the claimant is "not disabled," the Secretary's burden is satisfied. *See Heckler v. Campbell,* 461 U.S. at 461, 103 S.Ct. at 1954. But if the grid does not accurately describe the claimant's medical and vocational characteristics, the Secretary can satisfy her burden only by considering the testimony of a vocational expert. *See id.,* 103 S.Ct. at 1955 n. 5, 1957 n. 11, 1959 n. 14; *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983); *Torres v. Secretary of Health and Human Services, supra,* at 170.

In Robinson's case, the Secretary did not consider vocational testimony. Thus, the Secretary's decision can be affirmed only if there is substantial evidence in the record to support her conclusion that the grid applied. The Secretary does not dispute

that Robinson is closely approaching advanced age, that he is functionally illiterate, or that he has only unskilled previous work experience. R. at 15–16. When Robinson's undisputed characteristics are taken into account, the grid dictates a finding of "no disability" only if Robinson is also capable of doing "medium work." *Compare* Rule 203.18 (dictating a finding of "no disability" where a claimant with Robinson's characteristics is able to do "medium work") *with* Rule 202.09 (dictating a finding of "disability" where a claimant with Robinson's characteristics is able to do only "light work"). Thus, the question is whether there is substantial evidence in the record to support the determination that Robinson is able to perform "medium work." *See* 42 U.S.C. § 405(g).

▮ This inquiry is affected by another consideration. In a disability termination case, the prior ruling of disability gives rise to a presumption that the disability continues to exist. *Dotson v. Schweiker,* 719 F.2d 80, 82 (4th Cir.1983); *Patti v. Schweiker,* 669 F.2d 582, 586–87 (9th Cir. 1982); *Crosby v. Schweiker,* 650 F.2d 777, 778 (5th Cir.1981); *Rivas v. Weinberger,* 475 F.2d 255, 258 (5th Cir.1973); *Arandjelovic v. Schweiker,* No. 82–2607, slip op. at 5 (D.D.C. Sept. 2, 1983).[1] Although this presumption does not affect the ultimate burden of proof, it imposes on the party against which it is directed the burden of going forward with evidence to rebut the presumption. *Patti v. Schweiker, supra,* at 587; Fed.R.Evid. 301. The Court must therefore "ascertain whether the Secretary's finding of *improvement* to the point of no disability is supported by substantial evidence." *Simpson v. Schweiker,* 691 F.2d 966, 969 (11th Cir.1982) (emphasis in original). Because Administrative Law Judge Bork held in 1980 that Robinson's back condition was so severe that "it might be stretching a point to find that he is able to perform sedentary work," the Secretary's determination can be affirmed only if there is substantial evidence in the record to support the finding that Robinson's back problem improved to the point that he could perform "medium work."

Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)); *see also Hoska v. United States Department of the Army,* 677 F.2d 131, 135 (D.C.Cir.1982). In this case, the Secretary's determination must be reversed because there is no substantial evidence that Robinson's back condition has improved to the point that he can do "medium work."[2]

---

1. Some courts have stated that improvement may be shown by "evidence that claimant's condition is not as serious as was at first supposed." *Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996, 998 (1st Cir.1975); *accord Weber v. Harris,* 640 F.2d 176, 178–79 (8th Cir. 1981). To the extent that such an inquiry would permit the reopening of prior disability determinations, it conflicts with sound principles of administrative *res judicata.* As the court in *Simpson v. Schweiker,* 691 F.2d 966, 969 (11th Cir.1982), observed,

    if ... the evidence in a continuation case is substantially the same as was the evidence had been in the initial disability benefits request case, benefits must be continued. Otherwise, termination of benefits will often depend not on a finding of changed condition, but simply on the whim of a changed ALJ.

    *Accord Shaw v. Schweiker,* 536 F.Supp. 79, 83 (E.D.Pa.1982).

2. The Secretary correctly points out that Judge Bork's 1980 disability determination was based on Robinson's back condition. Defendant's Response to Plaintiff's Motion for Summary Judgment at 7. Thus, the deference accorded the 1980 decision is limited to a presumption that Robinson's back injury was disabling; it does not give rise to a general presumption of disability. Since there is no substantial evidence in the record that Robinson's back has improved, it is not necessary to consider what effect the claimant's other exertional and nonexertional impairments—including suspected tuberculosis, open heart surgery, frozen shoulder syndrome, and fall syndrome—would have on the question of whether the termination of claimant's disability benefit was supported by substantial evidence in the record.

Judge Bork found in 1980 that Robinson was barely able to do "sedentary work." The regulations state that such work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a) (1983). In a sedentary job, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour work day, and sitting should generally total approximately 6 hours of an 8-hour work day." Soc.Sec.Rul. 83–10 (Jan.1983), *reprinted in* [Feb. 1983–December 1983 Transfer Binder] Unemp.Ins.Rep. (CCH) ¶ 14,531, at 1999–19. In contrast, Judge Mason in 1983 found that Robinson was able to perform "medium work," which "involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c) (1983). Medium work also entails "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour work day," as well as "frequent bending-stooping." Soc.Sec.Rul. 83–10, *supra*, at 1999–20.

Judge Bork based his disability determination on Robinson's back problems. He observed that although the claimant had undergone a discectomy in 1977,

he continues to experience back problems and cannot sit, stand or walk for prolonged periods. He is unable to bend without pain and lifting is limited to objects of light weight.

He experiences considerable difficulty sleeping and when rising in the morning his back is so stiff he is barely able to walk.

R. at 197. In reaching this conclusion, Judge Bork considered the medical records, including two reports which concluded that the claimant was totally and permanently disabled. He added that

[t]he injury[,] subsequent operation and continuing difficulties with the back are amply documented. There is some discrepancy in the medical opinions relative to the effect the impairments have upon his ability to function but these opinions

uniformally [sic] recognize the existence of the impairments, especially in the lower back.

*Id.*

■ Three years later, Judge Mason found that

in December of 1979 Dr. Pearce observed that the claimant had heavy callouses on both hands indicating that he was doing heavy labor at home. Callouses on the hands is one sign of the degree of physical activity in which an individual engages. Considering the medical evidence and the lack of significant musculoskeletal abnormalities, the Administrative Law Judge concludes that while the claimant would be unable to perform strenuous physical exertion or heavy lifting such as he did loading and unloading steel while working as a truck driver, he has the residual functional capacity to perform medium work activity . . . .

R. at 14. There is, however, no substantial evidence in the record to support this conclusion. Although the Secretary makes much of the fact that Judge Mason based her conclusion in part on the presence of callouses on Robinson's hands, the callouses were also present in 1980 when Judge Bork found that Robinson was barely able to perform sedentary work. R. at 118. The mere persistence of these callouses in 1982 is not substantial evidence of an *improvement* in Robinson's condition.

■ The Secretary also argues that records of Robinson's hospitalizations in July and August, 1982, and May, 1983, reveal no complaints referable to the claimant's back. But the reasons for Robinson's hospitalization—suspected tuberculosis, open heart surgery, diagnostic shoulder surgery, and outpatient care—involve difficulties not directly related to the condition of his back. The record offers no reason for drawing a negative inference about the status of claimant's back condition simply because it was not mentioned in the course of treatment for entirely different ailments.

 The only medical report directed toward the condition of Robinson's back does not provide substantial evidence of the improvement required to shift from sedentary to medium work. This report, which was authored by Dr. James A. McQuown, reveals that the range of motion in claimant's back has improved. R. at 283. Increased mobility is not, however, substantial evidence that Robinson's back problem has improved to the point that it permits him to do medium work. First, the range of motion induced by a medical examiner may exceed what the patient himself can do. *See Healey v. Secretary of Health, Education and Welfare,* [Jan. 1980–Sept. 1980 Transfer Binder] Unempl.Ins.Rep. (CCH) ¶ 17,000 (E.D.Mich.1980). There is no evidence as to what Robinson's range of motion would be if he were not being moved by the examining physician. Second, even if there were such evidence, it remains undisputed that the claimant "did not get significant result of relief of pain from his laminectomy." R. at 283.

In addition, Dr. McQuown's conclusions that Robinson has no cane (R. at 284) are merely statements of present condition—they do not purport to explain how the claimant's back has *improved* since the 1980 determination, and thus provide no evidence that Robinson's back condition has changed. Dr. McQuown's report therefore does not offer the substantial evidence of improvement required to support the Secretary's finding of "no disability."

In short, Judge Mason did not consider—nor does the record reflect—any evidence of improvement that would permit Robinson to do the six hours of standing and walking required in a "medium" work day given, as Judge Bork found, that he was barely able to stand and walk for two hours a day in 1980. The record contains no substantial evidence of improvement sufficient to overcome the presumption of disability created by Judge Bork's 1980 determination. Further, because the record is thoroughly developed, a remand would serve only to delay Robinson's receipt of benefits. The Secretary's determination must therefore be reversed, *see, e.g., Kail v. Heckler,* 722 F.2d 1496, 1497 (9th Cir. 1984); *Lewin v. Schweiker,* 654 F.2d 631, 635 (9th Cir.1981); *Rossi v. Califano,* 602 F.2d 55, 59 (3d Cir.1979), with Robinson's disability benefits reinstated as of the date of their termination. *Nelson v. Heckler,* 712 F.2d 346, 349 (8th Cir.1983).