Lucille B. THOMPSON

v.

David MATHEWS, Secretary of Health, Education and Welfare.

Civ. No. 3–75–16.

United States District Court, E. D. Tennessee, N. D.

March 28, 1977.

Ivo W. Sanders, Loudon, Tenn., for plaintiff.

Edward E. Wilson, Asst. U. S. Atty., John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action for review of the final decision of the Secretary of Health, Education and Welfare denying plaintiff's claim for widow's benefits. Plaintiff is the widow of James L. Thompson, a fully-insured wage-earner who died on August 31, 1966. She is fifty-nine years old and is unemployed.

Plaintiff's first claim for benefits was denied in 1968. Her second claim, which is the subject of this action, was filed in 1973. It was denied initially and on reconsideration by the Bureau of Disability Insurance. A Hearing Examiner held a *de novo* hearing and denied benefits. The Appeals Council affirmed in a summary decision. An action was filed in this Court, and shortly thereafter the Secretary moved for remand pursuant to 42 U.S.C. § 405(g). We granted the motion. The Appeals Council thereafter obtained additional medical evidence and again denied the claim.

In order to be entitled to benefits, a widow must prove that she was totally disabled on or before the 84th month following her husband's death. 42 U.S.C. § 402(e)(5). In the present case, this means that plaintiff was required to demonstrate that she was totally disabled on or before August 31, 1973.

Plaintiff's previous employment consisted of factory work, baby-sitting and ironing. She alleged in her application for benefits that she became totally disabled at age

fifty-five due to arthritis, an ear infection, stomach trouble, a fast heart beat and discoloration in her arms. (Tr. 48–50). The Secretary found that these ailments, when considered individually or collectively, were not severe enough to be totally disabling. The sole issue for review is whether this finding is supported by substantial evidence.

Plaintiff has a history of medical problems. At various times she has undergone a cholecystectomy, a hysterectomy, an anterior gastrotomy vagectomy and a pyloroplastry. (Tr. 81–84). In February of 1968, Dr. Walter Shea diagnosed her as having arthritis of the dorsal and lumbar spine, chronic bronchitis and sinusitis. (Tr. 84).

Plaintiff was hospitalized in April of 1972 because of pain in the lower lumbar spine, the hip and the right leg. The admission diagnosis was low back strain with aggravation of arthritis and neuritis. (Tr. 94). She was discharged with a diagnosis of back strain, rheumatoid arthritis and neuritis. (Tr. 95). She was again hospitalized in January of 1973 with complaints of rheumatoid arthritis and vertigo. (Tr. 96). She was discharged two weeks later with the recommendation that she continue office treatment and take specified medications. (Tr. 97).

Doctor Shea examined plaintiff following her hospitalization. He reported in April of 1973 that she suffered from rheumatoid arthritis and a benign gastric ulcer with a resection. He noted that plaintiff has had recurrent episodes of bursitis of the shoulder joints and persistent back problems with increased curvature of the spine and kyphosis. (Tr. 85). These conditions, according to Dr. Shea, made it difficult for plaintiff to iron and babysit. (Tr. 86).

In July of 1973, Dr. Shea reported that plaintiff was having attacks of vertigo with cerebral circulation disturbances. At the time of his examination, she was "functioning fairly well," although she was still experiencing occasional episodes of vertigo and gastric irritation. (Tr. 91). In regard to her ability to work, he stated:

"Her previous jobs were that of ironing and babysitting. I believe that these two are rather restricted to her ability to carry out the job, especially the babysitting and responsibility associated with this and ironing is limited by her back and generalized muscle weakness." (Tr. 91).

Despite her medical problems, Dr. Shea concluded that plaintiff was capable of engaging in work classified as "sedentary" by the Department of Labor. Such work includes:

"Lifting 10 pounds maximum. Includes occasionally lifting and/or carrying small objects. Involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and all other sedentary criteria are met." (Tr. 92).

Following the Court's remand to the Secretary, the Appeals Council arranged to have plaintiff examined by Dr. Herbert White, a specialist in internal medicine. (Tr. 101–10). He diagnosed plaintiff as having rheumatoid arthritis, mild pigeon chest and mild dorsal hyphosis, mild pulmonary emphysema, a history of allergic rhinitis and status post-subtotal gastrectomy for peptic ulceration. He concluded that she had a full range of motion and there was no evidence of any deformity other than that produced by Heberdens' nodes, especially on the right hand. He stated that plaintiff's arthralgias are caused by the rheumatoid arthritis, which at that time was fairly well controlled. Considering these factors, Dr. White reported that plaintiff had the capacity to engage in work classified as "light" by the Department of Labor. (Tr. 110). Dr. White's physical examination of plaintiff was very thorough, and his findings are supported by detailed clinical findings.

■ A widow is considered totally disabled if her impairments, individually or collectively, are severe enough to preclude her from engaging in substantial gainful activity. The regulations provide that an impairment or a combination of impair-

ments is totally disabling only if it is listed in the Appendix to Subpart P of the Regulations or is the medical equivalent of an impairment listed therein. 20 C.F.R. § 404.-1504. A decision as to whether an impairment is the medical equivalent of an impairment listed in the Appendix must be based on evidence gathered by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. §§ 404.1501(a)(1)(iii), 1505. In addition, a medical judgment of the severity of plaintiff's impairment or impairments must be furnished by one or more "physicians designated by the Secretary." 20 C.F.R. § 404.1505.

On remand, the Appeals Council designated Dr. Reginald James to analyze the medical evidence of record. He concluded:

"It is my opinion that on or before August 31, 1973, the claimant's impairments did not meet or equal the Listings [in the Appendix] and are not equivalent to the Listings. . . ." (Tr. 111–12).

Having considered the entire record, the Court is of the opinion that the Secretary's finding that plaintiff's impairments, individually and collectively, are not severe enough to be totally disabling is supported by substantial evidence. The reports of Doctors White, Shea and James provide a reasonable basis for the conclusion that plaintiff's impairments are either controlled by medication or are only severe enough to limit her to light or sedentary work.

Accordingly, it is ORDERED that the Secretary's motion for summary judgment be, and the same hereby is, sustained.

Order accordingly.