Margaret **BRYANT**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services.**

**Civ. A. No. 81–3339.**

United States District Court,
E. D. Pennsylvania.

Report—Recommendation—Dec. 28, 1981.

Order Feb. 3, 1982.

James M. Lafferty, Community Legal Services, Philadelphia, Pa., for plaintiff:

Edward F. Borden, Jr., Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## REPORT—RECOMMENDATION

RICHARD A. POWERS, III, United States Magistrate.

Plaintiff seeks review of the decision of the Secretary of Health, Education and Welfare (Secretary) which terminated her claim for disability benefits as of September 22, 1980. Plaintiff is a fifty-five (55) year old woman who has a limited education through the ninth grade. She previously worked as a salesgirl and a grinder of false teeth. (Exhibit 7). The plaintiff had applied for disability benefits on April 3, 1975, and was found to be disabled as of February 1, 1974 due to peripheral neuropathy, depression and neuralgia. Subsequently, the Secretary determined that Ms. Bryant as of September 22, 1980 was no longer disabled.

In Exhibit 4, the cessation of continuance of disability form (tr. 26) we note that the reviewing physician is listed as M. Wolfe, M.D., but there is absolutely no statement of his qualifications in the record from which it could be determined that he is qualified to make such an evaluation of the plaintiff's physical condition.

It is impermissible for the ALJ to attribute any weight to a scrawled signature on the printed form of an unidentified physician who does not state any reason for his opinion. *Budds v. Richardson*, 313 F.Supp. 1048, 1052 (D.C.W.D.Mo.1960). Where the qualifications of a physician do not appear of record his opinion should not be considered. *Cantrell v. Weinberger*, Unemployment Insurance Reporter, 14 CCH 608 (W.D.Mo.1976).

In this case the overwhelming weight of the medical evidence supports the

plaintiff's claim that she is still disabled and that her right to benefits should not be terminated. Her treating doctor, David Pleasure, M.D., Professor of Neurology, University of Pennsylvania, determined in his January 8, 1981 report that the plaintiff, whom he has treated as an in-patient and out-patient, is totally unable to hold a job at this time. This treating physician concluded that the plaintiff's long-term prognosis for recovery is difficult to assess and he thought that her problems were likely to continue long-term. (tr. 92). There is absolutely *no evidence* in the record to contradict this evaluation by the treating physician which is entitled to greater weight than the physician selected by the Secretary. *Walston v. Gardner*, 381 F.2d 580 (6th Cir. 1967), *Claussell v. Secretary of HEW*, 337 F.Supp. 717 (D.C.S.D.N.Y.1972).

Additionally, the Secretary did not produce a vocational expert which is required where the plaintiff possesses both exertional and non-exertional difficulties. In the *preamble* of the Secretary's promulgation of the medical vocational regulations, it was acknowledged that: "It is anticipated that some issues on hearing may continue to require the services of vocational experts." *Federal Register*, Vol. 43, N. 229, November 28, 1978, at page 55362. It is hard to imagine a case more appropriate for the expertise of a vocational expert than exists in the present case. The plaintiff has a severe visual impairment of the left eye with only hand movements being visible and only a ten percent (10%) visual field efficiency of the left eye. (tr. 89). Complicating this problem, the plaintiff has the undiagnosed demyelinating disease of the central nervous system, which offers symptoms of hysteria, seizures and other limitations. (tr. 84–88, 92). It hardly needs to be stated that the ALJ does not possess the needed expertise to evaluate a plaintiff with these esoteric difficulties. *Gober v. Mathews*, 574 F.2d 772, 777 (3rd Cir. 1978). Particularly is this true when we have a plaintiff with the varied problems as determined by Dr. Frignito, who examined the plaintiff for the Secretary. (tr. 84–87). In his report, Dr. Frignito made the following provisional diagnosis:

1) Atypical disseminated sclerosis (multiple sclerosis?)
2) Factitious disorder, chronic factitious illness with physical symptoms (Munchausen syndrome)
3) Histero-epilepsy?

His prognosis was as follows: "This cannot be stated with definity sinch (sic) a definitive diagnosis cannot be made on the present circumstances." Contrary to the ALJ's evaluation of this diagnosis, the plaintiff's physical and mental condition renders her unsuitable for employment at her advanced age (fifty-five (55)) in light of her unskilled employment background.

There is absolutely no showing by the ALJ that the plaintiff's medical condition has improved and there is no statement of reasons why he rejected or did not give proper weight to the report of plaintiff's treating physician. The Court of Appeals has recently held that the ALJ must not only make an evaluation of the evidence which supports his decision but also must make some statement concerning the evidence which he rejected. *Cotter v. Harris*, 642 F.2d 700, 705 (3rd Cir. 1981).

Accordingly, I would recommend the following

### RECOMMENDATION

Now, this 28th day of December, 1981, IT IS RESPECTFULLY RECOMMENDED that the plaintiff's motion for summary judgment be GRANTED, that the plaintiff's right to benefits be reinstated, and the defendant's motion for summary judgment should be DENIED, and this matter should be REMANDED to the Secretary for further proceedings that are consistent with this Report.

### ORDER

JOSEPH S. LORD, III, Chief Judge.

Now, this 3rd day of February, 1982, after careful and independent consideration of the cross-motions for summary judgment and after review of the entire administrative record and the Report and Recommendation of the United States Magistrate, IT IS ORDERED that:

1. The Report and Recommendation is Approved and Adopted as the Opinion of the Court.

2. The plaintiff's motion for summary judgment is GRANTED, and the defendant's motion for summary judgment is DENIED.

3. This matter is REMANDED to the Secretary for further proceedings that are consistent with this Opinion.