**Arthur L. BURNAM, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

No. 81–2971.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 25, 1982.

Decided July 8, 1982.

Joseph L. Gijanto, Shebell & Schibell, Asbury Park, N. J., for appellant.

G. Donald Haneke, Asst. U. S. Atty., W. Hunt Dumont, U. S. Atty., Trenton, N. J., for appellee.

Before GARTH and BECKER, Circuit Judges, and FULLAM,* District Judge.

## OPINION OF THE COURT

GARTH, Circuit Judge.

In *Santise v. Schweiker,* 676 F.2d 925 (3d Cir. 1982), in upholding the validity of the medical-vocational regulations used by the Secretary of Health and Human Services in making determinations of disability under the Social Security Act, 20 C.F.R. pt. 404, subpt. P (1981); *id.* pt. 416, subpt. I, we stressed that the four-factor decision "grids" established by those regulations "do not govern—and indeed were not intended to govern—*all* disability cases." *Santise, supra,* 676 F.2d at 934. We observed that, by their own terms, the regulatory "rules 'may not be fully applicable' where a claimant suffers from non-exertional, instead of or in addition to exertional, impairments." *Id.* at 934–35. The regulations state:

> Since the rules are predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs, they may not be fully applicable where the nature of an individual's impairment does not result in such limitations, e.g., certain mental, sensory, or skin impairments....

> \* \* \* \* \* \*

> (2) [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would

be contraindicated by the nonexertional limitations. Also, in these combinations of nonexertional and exertional limitations which cannot be wholly determined under the rules in this Appendix 2, full consideration must be given to all of the relevant facts in the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded each factor.

20 C.F.R. pt. 404, subpt. P, app. 2, § 200.-00(e) (1981).

In this appeal, Arthur L. Burnam challenges the denial by the Secretary of his application for disability insurance and supplemental security income benefits. After a hearing held on July 9, 1980, an administrative law judge found on August 12, 1980 that even though Burnam suffered from myelitis of the cervical and lumbosacral spine, poor vision, poor hearing, hypertension, diabetes mellitus, and depression, Burnam was not disabled under the rules set forth in the medical-vocational regulations.[1] The administrative law judge reached this conclusion by finding that Burnam, despite his exertional impairments, had the capacity to engage in sedentary work; that Burnam was age 49 at the time of the hearing; that he had a limited educational background; and that he had previously engaged in semi-skilled work that provided him with no transferrable skills. The administrative law judge then consulted the grid contained in the medical-vocational regulations and concluded that Rule 201.19 of the regulations "mandate[d] a finding that [Burnam was] not disabled." App. at 22.

Having determined on the basis of the grid that Burnam was not disabled based on his exertional impairments, the administrative law judge failed to follow the regulatory directive that he then consider "how

---

* Honorable John P. Fullam, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

1. The administrative law judge's decision became the final decision of the Secretary when it was approved by the Social Security Administration's Appeals Council on September 24, 1980. The Secretary's decision was in turn affirmed by the district court on October 20, 1981.

much [Burnam's] work capability [was] further diminished in terms of any types of jobs that would be contraindicated by [his] nonexertional limitations." 20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(e)(2) (1981). These nonexertional limitations included a 100 percent hearing loss in Burnam's left ear and a 71 percent hearing loss in his right ear; visual acuity of 20/400 bilaterally, corrected only to the extent of 20/200 in his left eye and 20/100 in his right eye; and anxiety and depression. The administrative law judge chose to disregard these nonexertional limitations on the ground that, *standing alone*, they would not be sufficient to find that Burnam was disabled.[2]

The error in the administrative law judge's approach is clear. The fact that work exists in the national economy for a person who *only* has Burnam's exertional impairments, or for a person who *only* has his nonexertional impairments, does not mean that work exists in the national economy for a person who suffers from *both* types of impairments simultaneously. Sedentary jobs that could be performed by a 49-year-old, semi-skilled worker with a limited education might not be performable by such a worker with severe visual and hearing difficulties. Conversely, jobs that could be performed by a person whose vision and hearing are limited might not be performable by one whose orthopedic condition restricts him to sedentary work, or by one with limited education and occupational skills.

The medical-vocational grids do not purport to establish the existence of jobs for persons like Burnam who are afflicted with both exertional and nonexertional impairments. Rather, the regulations state that in such circumstances, in making a determination of disability, "full consideration must be given to all of the relevant facts in the case." *Id.* Although this consideration is to be "in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations," *id.*, these definitions are to be used to "provide insight into the adjudicative weight to be accorded each factor," *id.*, not to justify a complete disregard of the role that factor plays in the overall physical and mental condition of the claimant.

The administrative law judge thus erred in treating Burnam's exertional and nonexertional impairments separately and in then determining on the basis of the medical-vocational grid that substantial gainful work existed in the national economy that Burnam could perform. The administrative law judge instead should have considered whether work existed for a person with the *combination* of impairments Burnam possessed. *See Gagnon v. Secretary of Health & Human Servs.*, 666 F.2d 662 (1st Cir. 1981). Because the administrative law judge failed to consider Burnam's physical and mental condition as a whole, the Secretary's decision is not supported by substantial evidence.

The judgment of the district court will therefore be reversed and the case remanded with directions to the district court to return the case to the Secretary for further proceedings.[3]

---

2. For example, under the regulations, a person is not considered disabled because of impairment of his central visual acuity unless the remaining vision in his better eye after best correction is 20/200 or less, 20 C.F.R. pt. 404, subpt. P, app. 1, § 2.02 (1981), and not considered disabled because of hearing loss if his hearing is restorable by a hearing aid, *id.* § 2.08. The administrative law judge placed great emphasis on the fact that, notwithstanding his visual and hearing problems, Burnam had been gainfully employed prior to the truck accident on November 10, 1978 that resulted in his various orthopedic impairments.

3. We express no view on the ultimate merit of Burnam's disability claim. We note, however, that had the administrative law judge, in light of Burnam's nonexertional impairments, chosen to analogize Burnam's condition to that of a 50-year-old, rather than a 49-year-old, Burnam would have been found to be disabled under Rule 201.10 of the medical-vocational regulations. *See* 20 C.F.R. § 404.1563(a) (1981) (stating that the Secretary "will not apply [the] age categories mechanically in a borderline situation").