Josephine COIA

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 83–1135.

United States District Court,
E.D. Pennsylvania.

June 30, 1983.

Larry Bailine, Philadelphia, Pa., for plaintiff.

Ed Ellis, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is an action brought by Josephine Coia pursuant to § 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Secretary of Health and Human Services to terminate plaintiff's disability benefits. The plaintiff, Josephine Coia, was found to have been disabled as of July 12, 1977, due to decreased breathing capacity as a result of a vocal cord paralysis. Plaintiff received disability payments from that date until she was terminated as of November 30, 1981. A hearing *de novo* was held on July 23, 1982 before Administrative Law Judge ("ALJ") Burgman. On August 26, 1982, a decision written by ALJ Roseman held that plaintiff's disability ceased as of November 30, 1981. That determination became the final decision of the defendant when the Appeals Council denied review in a notice dated January 19, 1983. This appeal followed. Presently before this court are motions for summary judgment by the plaintiff and defendant. For the reasons that follow, we deny both motions and remand the case.

## SCOPE OF JUDICIAL REVIEW

■ Title 42 U.S.C. § 405(g) provides that the findings of the Secretary as to any fact shall be conclusive if supported by substantial evidence. Substantial evidence has been defined as "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938); *Smith v. Califano,* 637 F.2d 968, 970 (3d Cir.1981). The purpose of our review is limited to determining whether, upon consideration of the record as a whole, there is substantial evidence to support the Secretary's findings of fact. *Goldman v. Folsom,* 246 F.2d 776, 778 (3d Cir.1957). While we recognize the deference to administrative decisions implied in the substantial evidence rule, there is simultaneously a responsibility in a reviewing court to assure that administrative conclusions are rational. *Universal Camera Corp. v. Labor Board,* 340 U.S. 474, 490, 71 S.Ct. 456, 465, 95 L.Ed. 456 (1951); *Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir.1981); *Smith v. Califano,* 637 F.2d 968 (3d Cir. 1981). Accordingly, we have reviewed the record and find that the ALJ's decision to terminate the plaintiff's disability benefits fails to take into account all of the evidence and fails to point to evidence in the record which would demonstrate an improvement in plaintiff's condition.

Mrs. Coia was born on May 13, 1938 and has a ninth grade education. She worked, until she was found to be disabled on July 12, 1977, as a sewing machine operator. The disability was caused by a decreased breathing capacity as a result of vocal cord paralysis.

■ From his written decision, it appears that the ALJ, in making his determination that Mrs. Coia is not disabled within the meaning of the Act, reviewed the medical report of the consulting physicians, Dr. Fewell and Dr. Cohen, and plaintiff's physician, Dr. Peditto. At the hearing, the ALJ took testimony from the plaintiff and from the plaintiff's husband. The ALJ concluded that Mrs. Coia was no longer disabled and that she did not have a severe impairment.[1]

---

1. In determining whether a plaintiff suffers from an impairment which prevents her from engaging in any substantial gainful activity, *see*

42 U.S.C. § 1382c(a)(3)(A), the ALJ is required to undertake a five step analysis. *Santise v.*

Applying the medical-vocational tables ("grid") (Table No. 1, Appendix 2, Subpart P, Regulations No. 4), the ALJ concluded that the plaintiff's disability ended in November, 1981.

In determining who has the burden in cessation of benefits cases, the court in *Torres v. Schweiker*, 682 F.2d 109 (3d Cir. 1982) held that the burden of proof remains with the claimant to prove that she is unable to return to her customary occupation. However, applying the rule in *Rossi v. Califano*, 602 F.2d 55 (3d Cir.1979), the court in *Torres* recognized that information as to the availability of jobs in the national economy is more easily obtained by the Secretary than the claimant. Therefore, in consideration of fairness and policy, the Secretary should bear the risk of non-persuasion on elements of disability that are easier for her to prove. Further, the Secretary must come forward with any persuasive evidence as to improvement in the claimant's condition or error in the prior determination. Then the presumption of disability will cease to exist. *Musgrove v. Schweiker*, 552 F.Supp. 104, 105 (E.D.Pa.1982). In *Torres*, there was a finding of improvement in claimant's condition, but no such finding was made in *Musgrove* or in the instant case. Without substantial evidence showing improvement or error in the initial determination, the determination by the Secretary to terminate benefits has no basis. Because no such evidence was adduced by the ALJ in the case before the court, the burden remains on the Secretary.

The ALJ, in determining that plaintiff is no longer disabled, based his conclusion upon the medical evidence of the consulting physicians, Dr. Cohen and Dr. Fewell both of whom concluded that the impairment was mild to moderate. Although the ALJ acknowledged the medical report submitted by plaintiff's physician in his evaluation of the evidence, the ALJ neglected to state why he rejected it.[2]

In *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981) the court held that the ALJ must show evidence that supports his decision, as well as an adequate explanation concerning the evidence which is contrary to the ALJ's findings. The treating physician's report in the case *sub judice* clearly states that Mrs. Coia is disabled. [Exhibit 13]. The ALJ did not reconcile this evidence with his findings.

Finally, the ALJ reviewed the plaintiff's subjective complaints of severe shortness of breath upon minimal exertion. He found her testimony not credible with regard to the severity of the symptoms. Subjective pain, unaccompanied by objective medical data, may support a claim of disability benefits. *Bittel v. Richardson*, 441 F.2d 1193, 1195 (3d Cir.1971). A claimant's assertion of pain must be given serious consideration. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir.1981). The ALJ noted that the plaintiff had a "noticeable stridor or wheezing in her conversation," but stated that he could not detect any signs of acute respiratory distress. (Tr. 9) Later, the ALJ concluded that the condition is not of the severity alleged by claimant and certainly does not constitute a disabling factor. (Tr. 10) We believe that these statements demonstrate that the ALJ did not give proper consideration to the claimant's subjective testimony of pain. *See Kent v. Schweiker*, 710 F.2d 110 (3d Cir.1983).

*Schweiker*, 676 F.2d 925 (3d Cir.1982). The ALJ must consider:
  1) whether the claimant is currently working;
  2) whether the impairments are "severe";
  3) whether the impairments are so severe that benefits should automatically be awarded;
  4) whether the claimant can perform his past work;
  5) whether the claimant can perform other substantial gainful work in the economy.

In this case, the ALJ found the impairments not "severe" as defined at 20 C.F.R. § 404.-1521(c) and went no further in the sequence.

**2.** Further, the opinion of the plaintiff's physician, Dr. Peditto, whom she had been seeing regularly since 1970, is entitled to more weight than that of a one-time consultative examiner. *Bryant v. Schweiker*, 537 F.Supp. 1 (E.D.Pa. 1982); *Arnold v. Sec. of H.E.W.*, 567 F.2d 258 (4th Cir.1977).

■ The conclusion of the ALJ that the claimant does not have a severe disability, does not appear to fully take into account her subjective testimony and all of the evidence, especially her doctor's report. The ALJ further fails to determine how, given the evidence regarding plaintiff's inability to sustain activity, that factor bears on placing the plaintiff into the category of having the residual functional capacity to perform sedentary work. Also, there was no indication in the ALJ's findings that plaintiff's condition had improved or that there had been an error in the initial determination of plaintiff's disability. We therefore remand this case for the purpose of making findings consistent with this Memorandum Opinion and for reconsideration of the ALJ's conclusion.