**Philip J. CRESS**

v.

**Margaret M. HECKLER, Secretary, U.S. Department of Health and Human Services.**

**Civ. A. No. 83–2856.**

United States District Court, E.D. Pennsylvania.

Jan. 6, 1984.

---

Maureen Kreuger, Krasno & Krasno, Pottsville, Pa., for plaintiff.

Margaret Hutchinson, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action brought pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services. In undertaking this review, we apply the relatively deferential "substantial evidence" standard, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Plaintiff is a fifty-seven (T.R. 44) year old former coal miner (T.R. 48) who was also self-employed as a gas station operator. (T.R. 49). He is a recipient of black lung benefits (T.R. 67) and complains generally that resulting respiratory problems, arthritis (T.R. 61) and pain associated with these maladies (T.R. 141) precludes him from engaging in substantial gainful employment.

Plaintiff was examined by a number of physicians, three of whom, including plaintiff's treating physician, deemed him disabled. The Administrative Law Judge (ALJ) recognized this (T.R. 25) but nevertheless purportedly relied upon the findings of Dr. Friedman, an orthopedic surgeon, and concluded that plaintiff is able to return to his past employment. (T.R. 25).

Plaintiff described the duties of his past employment as requiring that he frequently "had" to bend over, that he was "al-ways" on his knees and that he had "lots of problems" discharging his duties. (T.R. 60).

▇▇▇ Dr. Friedman's report, however, upon which the ALJ relied (T.R. 25), belies any notion that plaintiff is able to engage in these duties and return to his past relevant work. Specifically, Dr. Friedman concluded that plaintiff "can work" within specified physical limitations. (T.R. 192). The limitations which Dr. Friedman placed upon plaintiff include the specific that plaintiff cannot "bend, squat, crawl or climb" (T.R. 194). Given this finding, it is unexplainably inconsistent that the ALJ found that plaintiff could return to his past employment as a gas station operator which required him to do these very things.

If the ALJ concluded that plaintiff's testimony was not entitled to belief and that his duties at the gas station did not include bending and crawling, he is required to explain the basis for his credibility determination, *Van Horne v. Schweiker*, 717 F.2d 871, 873–74 (3rd Cir.1983).

It does not appear, however, that the ALJ rejected plaintiff's testimony as to his job duties. Rather, the ALJ purported to "interpret" the findings of Dr. Friedman. He concluded that Dr. Friedman would allow plaintiff to return to his past, or similar, work activity. Dr. Friedman's report is completely incompetent to support such an "interpretation" and, in fact, compels against any such "interpretation". The ALJ did little more than set his own expertise against the very doctor upon which he purported to rely. It is error to do so. *Id., Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979).

▇▇▇ Additional reasons support our conclusion. The ALJ relied upon the report of a consultative physician while rejecting the report of plaintiff's treating physician. Absent an adequate explanation, this is error. *Arnold v. Secretary of HEW*, 567 F.2d 258 (4th Cir.1977); *Bryant v. Schweiker*, 537 F.Supp. 1 (E.D.Pa.1982); *Twardesky v. Weinberger*, 391 F.Supp. 632 (E.D.Pa.1975).

■ Moreover, the ALJ is obligated to consider *all* relevant evidence, *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir.1979), view plaintiff's impairments in combination, *Burnam v. Schweiker*, 682 F.2d 456, 458 (3d Cir.1982) and explain why relevant evidence was rejected. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir.1981). The ALJ's acceptance of Dr. Friedman's report, and the "[mis]interpretation" thereof, fail to meet this demanding standard. Specifically, reliance upon Dr. Friedman to determine a lack of total disability is erroneous because as an orthopedic physician, Dr. Friedman did not consider plaintiff's pulmonary ailments, evidenced by receipt of a black lung award. *See, Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir.1979) (A disability determination by a government agency is entitled to great weight). Since the ALJ purported to adopt the findings of Dr. Friedman, and Dr. Friedman did not consider plaintiff's various ailments, it is clear that the ALJ failed to discharge his obligation.

The ALJ's improper "interpretation" of Dr. Friedman's report, the wrongful rejection of the treating physician's testimony, and the failure to consider all the relevant evidence, compel the entry of judgment on behalf of the plaintiff.