David A. GIARDINE, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ. No. 84–0059.

United States District Court, M.D. Pennsylvania.

March 11, 1985.

Michelle DeBond, Keystone Legal Services, Inc., Huntington, Pa., for plaintiff.

James W. Walker, Asst. U.S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

We have received the Report of U.S. Magistrate Raymond J. Durkin in the above-captioned matter. The Magistrate's Report includes a recommendation as to the proper resolution of this case. No exceptions to the content of the Report have been filed and the time allotted for doing so has run. We have considered the Magistrate's Report and the case file in reaching our decision on this matter.

This is an appeal from a denial of supplemental security income (SSI) benefits brought pursuant to 42 U.S.C. § 405(g) (1983), the statute which empowers district courts to review such decisions of the Secretary of Health and Human Services (hereinafter the Secretary). We have distilled the Secretary's decision from the decision of an Administrative Law Judge (ALJ) and the subsequent affirmance thereof by the Appeals Council.

The scope of our review in this area is limited. We must affirm any decision of the Secretary which is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is something more than a scintilla, yet something less than a preponderance of relevant evidence. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Moreover, it is the Plaintiff's burden to demonstrate that he is disabled within the meaning of the Act. *Torres v. Schweiker*, 682 F.2d 109, 111 (3d Cir.1982). Thus, it is clear that a Plaintiff carries a substantial burden in this context.

■■■ Nevertheless, our examination of the hearing transcript and the various medical documents entered into evidence in this case makes us wonder about the propriety of the ALJ's decision herein. While we recognize that the ALJ is free to accept or reject certain evidence in the record, he must weigh that evidence against all other evidence of record and then explain why he accepts some evidence and rejects other evidence. *Kent v. Schweiker*, 710 F.2d 110 (3d Cir.1983). After close scrutiny of this file, we are not satisfied with the ALJ's evaluation of the evidence in this case.

The ALJ found that Plaintiff is capable of light work activity which, as defined in 20 C.F.R. § 404.1567(b), involves lifting no more than 20 pounds at a time with *frequent* (emphasis ours) lifting or carrying of objects weighing up to 10 pounds. Since the record indicates that Plaintiff's problem of chronic fecal incontinence due to a congenital imperforate anus may be activated by activity as minimal as bending to tie his shoes, one must view the ALJ's assessment that Plaintiff is capable of light work with a jaundiced eye. Moreover, Plaintiff's ability to perform any extended work at any occupation which employs a significant number of people in the national economy is made even more dubious by the fact that his only "work" experience has been in a sheltered workshop for the developmentally handicapped. Even in this environment, the Plaintiff has manifested adaptive difficulties and the staff assessment most recently made (See Transcript at 164) indicates that Plaintiff is not a good candidate for competitive employment.

Another deficiency of the ALJ's reasoning is that he has used isolated quotations from reports of Dr. Bullard, a psychiatrist,

to buttress his opinion that Plaintiff is not disabled. This selective use of part of a document to support a conclusion that the document, taken as a whole, decidedly contradicts is illogical at best. Dr. Bullard's diagnosis and prognosis (See Transcript at 153) includes a finding that Plaintiff exhibits borderline intellectual functioning and

Generalized anxiety disorder, mild to moderately severe. Prognosis: poor. I believe the current diagnostic criterion fails to convey a true picture of the nature of his disability. I believe that he has multiple congenital abnormalities, some of which may not ever be diagnosed ... His multiple physical problems, particularly bowel problems plus low social skills, have led to marginal intellectual functioning which may or may not be related to original congenital defects and, more particularly, present limited ability to function in society. All of this leads to anxiety situation which, coupled with other problems, probably gives *an aggregate disability in the severe range.* (emphasis ours).

The above quotation, which represents the essential findings of a medical doctor who specializes in psychiatry and which is uncontroverted by other medical testimony, hardly comports with the ALJ's finding that Plaintiff is not disabled.

█ As a final note, the Magistrate has correctly pointed out that where significant non-exertional impairments such as those outlined above exist, the testimony of a vocational expert is necessary to support a determination that a claimant is capable of engaging in substantial gainful activity. *Burnam v. Schweiker,* 682 F.2d 456 (3d Cir.1982). Because no such testimony was provided in the instant case, we have yet another reason to doubt the propriety of the Secretary's decision.

Therefore, due to our reservations about whether substantial evidence exists to warrant the Secretary's denial of benefits to this claimant, we remand this matter to the Secretary in keeping with the recommendation of the Magistrate. The Secretary is directed to specifically address the eviden-

tiary problems identified above in re-evaluating this claim. It is so *Ordered.*