**Miriam L. MUMIE, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

Civ. No. 83–0796.

United States District Court, M.D. Pennsylvania.

May 31, 1985.

Frank J. Skokoski, Hazleton, Pa., for plaintiff.

Robert Nolan, Asst. U.S. Atty., Scranton, Pa., for defendant.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

We have received a Magistrate's Report in the above-captioned matter. The Magistrate's Report includes a recommendation as to the proper disposition of this case. The Plaintiff has filed timely exceptions to the Magistrate's recommendation. We have considered these exceptions, the Report itself, and the case file in reaching our decision herein.

This is an action pursuant to 42 U.S.C. § 405(g). Plaintiff seeks review of a decision of the Secretary of Health and Human Services (hereinafter the Secretary) to deny her application for disabled widow's benefits under 42 U.S.C. §§ 402(e) and 423(d)(2)(B). The Magistrate correctly notes that "A widow ... shall not be determined to be under a disability unless ... her physical or mental impairment or impairments are of a level of severity which under regulations prescribed by the Secretary is deemed to be sufficient to preclude an individual from engaging in *any* (emphasis ours) gainful activity." See 42 U.S.C. § 423(d)(2)(B). Thus, it is apparent that it is more difficult to qualify for widow's disability benefits than to qualify for supplemental security income benefits (which Plaintiff has been receiving since 1975) since the latter can be awarded where an inability to perform *substantial* gainful activity can be demonstrated. See *Smith v. Schweiker,* 671 F.2d 789 (3rd Cir. 1982).

The scope of our review of decisions made by the Secretary is limited. Any decision of the Secretary which is supported by substantial evidence must be affirmed. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence is such relevant evidence which a reasonable mind would accept as sufficient to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. *Dobrowolsky v. Califano,* 606 F.2d 403 (3d Cir.1979). As one might expect, the parties differ markedly on what the evidence submitted in this case demonstrates and both sides have moved for summary judgment. Since all controversy in this case focuses upon what the material facts indicate rather than upon what the material facts are, summary disposition of this case could be appropriate.

The Magistrate's Report recommends that we grant summary judgment in favor of the Secretary. Our review of this file persuades us that a contrary result would be more appropriate. Considering, as we must, all the objective medical evidence in the record, it is apparent to this Court that the Secretary's decision herein (as gleaned from the report of an Administrative Law Judge) is not supported by substantial evidence on the record as it now exists.

██ Claims for widow's disability benefits are to be granted where the claimant can demonstrate that he/she suffers from a medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months. This impairment or these impairments must, as previously noted, preclude the claimant from engaging in any gainful activity. See 20 C.F.R. § 404.1577. These impairments must amount to or be the medical equivalent of one of those listed in Appendix 1 to Subpart P, which includes §§ 404.1501 through 404.1599 of 20 C.F.R.

The Secretary's decision to deny benefits in the instant case is based largely upon the testimony of Dr. Basil Ru Dusky at the claimant's second hearing before an A.L.J. on March 23, 1983. Dr. Ru Dusky, who never personally examined the claimant, concluded that the claimant did not adequately manifest any of the listed impair-

ments and did not have any combination of conditions which could be considered medically equivalent to a listed impairment. We are not satisfied from this record that Dr. Ru Dusky's testimony is more convincing than the aggregate weight of other findings by other medical doctors.

The record demonstrates that the claimant suffers from the residual effects of a cervical laminectomy (disc removal), glaucoma, carpal tunnel syndrome (a persistent condition which affects the sensitivity and dexterity of the hands and fingers), osteoarthritis, diabetes mellitus, and recurrent urinary tract infections. The claimant has testified that her diabetes makes her subject to rapid and pronounced swings in blood sugar level which, in turn, make her subject to frequent (2 or 3 times a week) insulin reactions which result in heart palpitations and, sometimes, unconsciousness.[1]

This Court finds it particularly significant that Doctor Paul Gutterman, one of the claimant's *treating* physicians,[2] concludes that "... the combination of the problems with her neck, her diabetes and her peripheral neuropathies, make her totally disabled."[3] The A.L.J. failed to make mention of Dr. Gutterman's conclusion in his evaluation of the evidence yet still managed to quote a portion of Dr. Gutterman's report which, when read out of context, seems to support the Secretary's position. It is necessary that the A.L.J. consider all the objective medical evidence and, if any portions thereof are seemingly in conflict, explain why he is assigning more weight to some bits of evidence (including doctor's opinions) than to others. Illustratively, the Court of Appeals for the Third Circuit has held that:

... we need from the A.L.J. not only an expression of the evidence he considered which supports the result, but also some indication of the evidence which was re-

jected. In the absence of such an indication, the reviewing Court cannot tell if significant probative evidence was not credited or simply ignored. *Cotter v. Harris*, 642 F.2d 700, 705 (1981).

It is apparent that, since the A.L.J. quoted from a portion of Gutterman's appraisal of the claimant's conditions, Dr. Gutterman's "bottom line" finding of utter disability was not credited or simply ignored as proscribed in *Cotter,* supra. This he cannot do in light of the prevailing precedent in this circuit. For this reason alone a grant of the Secretary's motion for summary judgment would be inappropriate because this Court has not been made aware of any reason why Dr. Ru Dusky's findings should be credited and Dr. Gutterman's discounted.

Also, we are concerned by Dr. Paul S. Raphael's impression in his report of October 7, 1982 that the Plaintiff is afflicted by "severe bilateral concurrent carpal tunnel syndrome".[4] Although Dr. Ru Dusky characterizes this condition as "mild" on page 106 of the Hearing Transcript, he did state thereafter that, "I see no indications of it being—the severest forms are the type that are in constant pain and they have almost—they have very little function left." The Court is troubled by this because the claimant has testified that she has such constant pain and does not retain the dexterity to peel a potato or pick up a cup of coffee.[5] Moreover, the applicable neurological impairment, § 11.00(C), does not require that a claimant suffer from the "severest" forms of neurological impairment. Rather, this section requires "persistent disorganization of motor function in the form of paresis or paralysis". It is unclear to the Court at this time whether, considering the cumulative effect of Plaintiff's carpal tunnel syndrome, osteoarthri-

---

**1.** See Hearing Transcript at page 93.

**2.** The testimony of a treating physician is generally entitled to more weight than the testimony of a consulting physician selected by the Secretary. *Bryant v. Schweiker,* 537 F.Supp. 1 (E.D. Pa.1982).

**3.** See Hearing Transcript Exhibit Number 55.

**4.** See Hearing Transcript Exhibit Number 44 at page 2.

**5.** See Hearing Transcript at page 128.

14

tis, and diabetes mellitus as they impact upon Plaintiff's ability to use her hands, Dr. Ru Dusky's evaluation is to be weighted more heavily than the evaluations of treating physicians, Drs. Raphael and Gutterman, taken together with Plaintiff's own testimony as to her pain and lack of manual dexterity.[6]

For the foregoing reasons we cannot grant summary judgment to either party at this juncture. We find that it is necessary to remand this case to the Secretary for a more detailed explanation as to why Dr. Gutterman's opinion that the Plaintiff is "totally disabled" is to be subordinated to Dr. Ru Dusky's contrary conclusion. We also require a more detailed analysis as to whether Plaintiff's osteoarthritis, carpal tunnel syndrome, and diabetes mellitus combine to so impair her use of her hands as to preclude her from gainful activity. Finally, we require an explanation as to why Plaintiff's subjective complaints of pain in her hands and testimony as to her insulin reactions were left unaddressed in the A.L.J.'s evaluation of the evidence. It is so *Ordered.*

---

**6.** The A.L.J.'s evaluation of the evidence makes no mention of Plaintiff's subjective complaint of pain in her hands. Since pain by itself can be a disabling condition, the A.L.J. should have pro- vided us with his rationale for refusing to credit these complaints. See *Smith v. Harris,* 644 F.2d 985, 988 (3rd Cir.1981).