**Charles MURPHY**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

Civ. A. No. 84–1920.

United States District Court, W.D. Pennsylvania.

Aug. 5, 1985.

David E. Harr, Greensburg, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

---

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the Secretary's denial of plaintiff's application for disability benefits and Supplemental Security Income. Plaintiff applied for benefits in April 1983, claiming that his disability began in June 1979, the date he last worked. For fifteen years prior to that, plaintiff worked as a pipe layer. His disability claim rests on alleged weakness and trembling in his legs which prevent him from any prolonged standing, walking or lifting.

■ Plaintiff was heard without counsel before an Administrative Law Judge in January 1984. In a decision dated March 23, 1984, the ALJ concluded that Mr. Murphy could not return to his former job as a pipe layer, but that he did have the residual functional capacity to perform light work. According to 20 C.F.R. § 404.1569 the ALJ followed the vocational grid at 20 C.F.R. § 404.1598, Appendix 2, Subpart P, Table No. 2, Rule 202.17 in making this determination. These grids apply when a claim is based on physical impairments. We believe plaintiff is entitled to have what may be a non-exertional limitation considered which would preclude application of the vocational grids to his case. *See Burnam v. Schweiker*, 682 F.2d 456 (3d Cir.1982).

Evidence of diminished function in plaintiff's legs appears in the record. In July 1982 he was diagnosed by Dr. J. Parker as having a diseased right knee which could have been caused by calcification, pseudo gout, a tear, or a foreign body. Record at 209–10. Dr. J. Rosen noted in June 1984 that plaintiff had a stiff-legged gait and decreased pain sensation in his feet. Record at 264–65. This no doubt accounts for the ALJ's finding that plaintiff could no longer return to his former job and was capable of only light work. But Dr. Rosen, Dr. R. Sandrowicz in July 1982, and Dr. B. Park in July 1983 also concluded that Mr. Murphy's complaints were related to nerve damage caused by alcoholism. Record at 225 and 249.

■ The record supports diagnosis of this disease well into its degenerative stages. After admitting heavy alcohol consumption, he was hospitalized for a month from July to August 1980 suffering from gastric disturbances. He was diagnosed as having pancreatitis, a condition often associated with alcoholism, and had symptoms of alcohol withdrawal. Record at 171–72. While he has never been treated for alcoholism itself, plaintiff testified at the administrative hearing to drinking three six packs of beer a week despite the gastrointestinal and neuropathic damage he knows this causes. Record at 47. This is a strong indicator that plaintiff has lost the ability to control his alcohol consumption, a condition the Secretary must consider in making disability determinations. Plaintiff stated that before his 1980 hospitalization he drank a case of beer a day. *Id.* The ALJ recognized plaintiff's obvious problems with alcohol consumption and he elicited some testimony about it. Record at 46. He also mentioned plaintiff's alcohol related problems in his opinion. Record at 19–20. He nevertheless did not consider alcoholism in his opinion as a possible non-exertional impairment. "When the evidence of alcoholism raises an issue as to the plaintiff's mental and psychological capacity to engage in substantial gainful activity, the ALJ should pursue the matter. He must develop a full and fair record." *McShea v. Schweiker*, 700 F.2d 117, 119 (citations omitted) (3d Cir.1983). This examination is particularly important when the claimant is not represented by counsel.

In *McShea* the Court of Appeals recognized that alcoholism alone may be disabling. There, as in this case, the claimant did not allege alcoholism as the basis for his impairment. In *Burnam v. Schweiker, supra*, the Court held that it is error for an ALJ not to consider non-exertional impairments, a classification that includes alcoholism, in combination with exertional impairments. In addition, vocational grids should not be applied to such cases. We, therefore, will remand this case for rehearing before the ALJ so that he may consider the effect of Mr. Murphy's alcoholic behavior

on his capacity for substantial gainful employment.

 Finally, we note the finding that plaintiff is not able to return to his former job as a pipe layer. We also note that plaintiff has very limited employment experience, no transferable skills, and has been found unsuitable for vocational rehabilitation. Record at 263. In such a case we would expect the Secretary to come forward with evidence on remand about the employment available, if any, for a person of plaintiff's limited abilities.