**Josephine DeSANTO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 84–1278.**

United States District Court, M.D. Pennsylvania.

Jan. 21, 1986.

Joseph A. Lakowski, Pittson, Pa., for plaintiff.

Bernard V. O'Hare III, U.S. Atty.'s Office, Scranton, Pa., for defendant.

### MEMORANDUM AND ORDER

CONABOY, District Judge.

We consider here a Magistrate's Report in the above-captioned matter. The Magistrate's Report includes a recommendation as to the proper resolution of this case. The Plaintiff has filed timely exceptions to the Magistrate's recommendations. We have considered these exceptions, the Re-

port itself, and the case file in reaching our decision herein.

This is an appeal from a denial of social security disability benefits to the Plaintiff by the Secretary of Health and Human Services (hereinafter the Secretary).[1] Said appeal is made pursuant to 42 U.S.C. § 405(g). The scope of our review of decisions of the Secretary is not plenary. We must affirm any decision of the Secretary which is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but somewhat less than a preponderance. *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir.1979). Our function in this case is to determine if there was "substantial evidence" in this record to support the Secretary's denial of benefits to this claimant.[2]

This case presents the now familiar scenario wherein a long-term family practitioner reaches one assessment of his patient's ability to work and a consulting physician, with a perhaps more impressive *curriculum vitae*, reaches the opposite conclusion. Dr. Louis Bonita, Plaintiff's family physician, characterized her as "... completely and totally incapable of holding any gainful employment at this time ..." and "... disabled for an indefinite period of time."[3] Dr. Basil RuDusky, a consulting physician with specialties in internal medicine and cardiovascular disease, takes an ostensibly different view of Plaintiff's capacity to work and states:[4]

... I placed no restrictions on this individual at this time *other than the avoidance of the activity which she herself feels she is unable to perform.* This would probably preclude being bent and kept in squatting positions for a prolonged period of time and periods of prolonged climbing. (Emphasis ours).

Dr. RuDusky's statement leaves this Court in limbo. It is less his professional opinion of what Plaintiff can do than an indication that Plaintiff's ability to work is impaired to an extent that only *she* can determine.

When one contrasts the unequivocal assertion that Plaintiff is indefinitely disabled by Plaintiff's treating physician [5] with what this Court must say is a very ambiguous assessment of her status by Dr. RuDusky, one is left with the definite impression that the Secretary's conclusion that Plaintiff can return to her former occupation is illogical and unsupported by the requisite substantial evidence.

We, therefore, shall remand this case to the Secretary for reevaluation as to whether Mrs. DeSanto has now recuperated sufficiently from her extensive vascular surgery to be capable of functioning as a "floor lady" in the garment industry. Of course, the totality of Mrs. DeSanto's impairments and her now advanced age are to be weighed in this reevaluation.[6] An appropriate Order is attached hereto.

### ORDER

AND NOW, this 21st day of January, 1986, IT IS ORDERED as follows:

1. The Secretary's decision may be gleaned from the decision of an administrative law judge and the subsequent affirmance thereof by the Appeals Council.

2. We note at this point that the Magistrate recommended dismissal of this appeal due to Plaintiff's counsel's failure to file timely opposition to the Secretary's summary judgment motion. While this would be permissible under the Local Rules, we think it more appropriate to consider Plaintiff's brief, which came here subsequent to the filing of the Magistrate's Report, and to review the merits of this decision.

3. See Hearing Transcript at page 119 which documents Dr. Bonita's report of July 22, 1983.

4. *Id.* at 124 which is part of Dr. RuDusky's evaluation of August 21, 1983.

5. It is to be borne in mind that the opinions of treating physicians are properly accorded great deference. *Bryant v. Schweiker*, 537 F.Supp. 1 (1982); *Wier v. Heckler*, 734 F.2d 955 (1984).

6. See 20 C.F.R. §§ 404.1523 and 404.1563(d) respectively.

**30**

1. The Secretary's motion for summary judgment is denied.

2. This case is remanded to the Secretary for reevaluation considering the factors enumerated above and utilizing updated medical assessments of Plaintiff's capacity to work.