815 F.2d 706
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosia Nell TRENTHAM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5148.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1987.
 
 Before JONES and GUY, Circuit Judges and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appeals from a denial of her application for supplementary security income. Plaintiff filed her fourth application for supplemental security income on August 17, 1981. This application was denied at all levels and through an administrative law judge's decision issued January 31, 1983. The Appeals Council denied review on May 18, 1983.
 
 
 2
 Plaintiff commenced a civil action on June 24, 1983. On September 14, 1984, the United States Magistrate recommended remand for the purpose of obtaining testimony from a vocational expert to determine whether plaintiff could perform work in the national economy despite her visual impairments. On November 1, 1984, the United States District Court for the Eastern District of Tennessee accordingly remanded the case to the Secretary for further consideration in accordance with the magistrate's recommendation. A supplemental hearing was held on March 13, 1985. The administrative law judge, before whom plaintiff, her attorney, and a vocational expert appeared, considered the case de novo and on June 24, 1985, issued a recommended decision that plaintiff was not under a disability as defined in the Act. The Appeals Council adopted the findings and conclusions of the recommended decision on August 16, 1985, which decision was affirmed by the district court on November 29, 1985.
 
 
 3
 As did the district court, we find substantial evidence to support the Secretary's decision and affirm. We essentially adopt the well considered opinion of Judge Edgar as the opinion of this court, but supplement briefly to address the specific questions plaintiff raises on appeal.
 
 
 4
 Plaintiff is a 59 year old woman with a sixth grade education. She has past relevant work experience as a garment trimmer, case maker, and bobbin winder. Plaintiff has not worked since 1976 when she and five other employees were laid-off allegedly for not meeting production standards.
 
 
 5
 Plaintiff alleges disability predicated upon diabetes, back problems, blindness in one eye, and gallbladder trouble. These are essentially the same complaints that plaintiff alleged in her previous applications. On appeal plaintiff claims that the Secretary did not "properly address" the effect of plaintiff's non-exertional (visual) impairment nor did he properly address the effect of her impairments in combination. We address each of these contentions.
 
 I.
 The visual impairment
 
 6
 The record shows that plaintiff has been blind in her right eye since approximately 1972 due to glaucoma. However, visual acuity in her left eye was 20/40 and 20/30 in November of 1981. Dr. Donley Siddal, an internist, found that central vision and peripheral fields appeared to be satisfactory in plaintiff's left eye. Furthermore, the plaintiff worked several years at her last employment after becoming blind in one eye.
 
 
 7
 Subsequent to the remand of this case, plaintiff was examined by Dr. James P. Richmond, Jr., a board-certified ophthalmologist, on February 19, 1985. He reported the plaintiff's visual acuity in her left eye with best correction was about 20/70 for distance and 20/40 for reading. Intraocular pressure was normal in the left eye as was the cornea. Dr. Richmond noted that because of plaintiff's diabetes, a checkup approximately every six months was required by an ophthalmologist to prevent severe trouble with retinopathy secondary to diabetes. If this condition developed and was detected early enough, laser treatment would be effective. Dr. Richmond found no evidence of decrease in plaintiff's visual fields of the left eye.
 
 
 8
 Blindness in one eye is not sufficient to meet the requirements of the Act necessary to establish statutory blindness. Plaintiff must have a central visual acuity of 20/200 or less in the better eye with the use of corrective lenses in order to be considered disabled due to blindness. 20 C.F.R. Sec. 416.981 (1985); Burnam v. Schweiker, 682 F.2d 456, 458 n. 2 (3d Cir.1982); Albertson v. Califano, 453 F.Supp. 610, 613 (D.Kan.1978).
 
 II.
 The impairments in combination
 
 9
 Diabetes is generally regarded as a remediable condition and not disabling within the meaning of the Act. Epps v. Harris, 624 F.2d 1267, 1270 (5th Cir.1980); Entrekin v. Weinberger, 477 F.2d 561, 562 (5th Cir.1973). There is nothing in the medical record to indicate that plaintiff's diabetes is not controllable, and she has worked in the past while suffering from this disease.
 
 
 10
 Plaintiff's back problems and related pain were the subject of several medical opinions. Dr. Siddall found no acute signs of joint inflammation. There was a full range of motion of all joints except the lumbar spine which was somewhat restricted. Manual function was well preserved in both hands. X-rays of plaintiff's lumbar spine revealed minimal osteophyte formation at L4 and L5 without disc space narrowing. Dr. Siddall evaluated plaintiff's physical capacity and indicated that she could lift twenty pounds occasionally to ten pounds frequently. Plaintiff's ability to walk, stand, sit, and reach was unimpaired, and the use of her extremities was not restricted.
 
 
 11
 Examination by Dr. W. Houston Price, a board-certified orthopedic surgeon, revealed an excellent range of motion of the cervical spine. There was moderate limitation of abduction and rotation of plaintiff's left shoulder with generalized tenderness in that area. There was a good range of motion of the right shoulder and a full range of motion of the elbows, wrists, and hands. X-rays of the lumbosacral spine were negative. X-rays of the left shoulder revealed a small calcific deposit which Dr. Price indicated was remediable with time and treatment. It was his opinion in April of 1982 that plaintiff should refrain from engaging in an occupation that would require more than minimal use of her left shoulder.
 
 
 12
 Plaintiff has also been treated by R.V. Akers, a chiropractor, since March 1980. X-ray studies by Dr. Aker revealed arthritic changes in the lumbar spine with moderate decalcification (osteoporosis). Plaintiff has responded moderately well to conservative chiropractic care and has had relief from some symptoms.
 
 
 13
 Arthritis is a condition which can be of varying degrees of severity. Impairment is not caused by its mere presence, but by the limitations on mobility, flexion, and bending it imposes. To state that an individual has arthritis does not support an opinion that she is disabled unless the limitations imposed by the arthritis are described, and render her unable to engage in substantial gainful activity. Oldham v. Schweiker, 660 F.2d 1078, 1086 (5th Cir.1981); Thompson v. Mathews, 439 F.Supp. 300, 302 (E.D.Tenn.1977). The evidence in the instant case does not demonstrate a significant musculoskeletal condition. X-ray evidence, as well as range of motion studies, do not reveal limitations that would preclude the performance of plaintiff's past relevant work.
 
 
 14
 Insofar as plaintiff's gallbladder problems are concerned, there is no evidence that this condition has resulted in any significant functional restrictions which would preclude gainful employment. On a Report of Contact form, Dr. Smith, a treating physician, was noted as reporting in 1982:
 
 
 15
 Stated he really had nothing more to add to file since last report. W/E [wage earner] condition about the same. Said he had told W/E that she did not have a severe enough impairment to get disability. Said she was a nice lady and he liked her, but he just couldn't say she was disabled. He felt her vision problems would be the closest impairment to disability.
 
 
 16
 The ALJ not only considered each of plaintiff's medical complaints separately, but he also considered them in combination. This is best illustrated in connection with the testimony obtained from the vocational expert on remand. Although the vocational expert primarily focused on plaintiff's visual problems since this was the specific mandate on remand, he also considered her exertional limitations in concluding she could perform her past relevant work.
 
 III.
 
 17
 Plaintiff has failed to meet her burden of proving entitlement to supplemental security income benefits. The record fails to disclose an impairment or combination of impairments, exertional and non-exertional, of sufficient severity to prevent her from performing her past relevant work. Accordingly, plaintiff was properly found not disabled. 20 C.F.R. Sec. 416.920(e) (1985).
 
 
 18
 AFFIRMED.